George KOTAS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

May 2, 1978.

Jack Emory Farley, Public Defender, Edward C. Monahan, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

On September 10, 1970, Kotas, along with his co-defendant Lycans, pled guilty to armed robbery. Kotas was represented by counsel. A jury was impaneled by the trial judge to fix the penalty. The verdict was life imprisonment and he was so sentenced. On May 18, 1977, the trial court granted a motion to vacate sentence made pursuant to RCr 11.42 because the jury had been improperly instructed on possible punishments.

On May 31, 1977, Kotas made a motion to withdraw his plea of guilty on the ground it had not been made voluntarily, understandingly and intelligently. The trial court held an evidentiary hearing on this motion on June 9, 1977. On July 8, 1977, the trial court ruled that the 1970 plea was made voluntarily and with an understanding of the nature of the charge and the ramifications of the plea.

On July 13, 1977, the trial court impaneled a jury to fix the sentence for the 1970 armed robbery. The jury was instructed that they could assess a penalty of ". . . not less than ten (10) years or at life, in your discretion." The jury selected twenty-one years in prison. Sentence was imposed. Kotas appeals. We affirm.

I

Kotas contends that the trial court committed prejudicial error when it denied his motion for leave to withdraw his guilty plea made prior to the entry of judgment.

The testimony of the 1970 attorney for Kotas at the evidentiary hearing disclosed:

1. Kotas and his attorney had prepared for trial for at least a year and had prepared a defense before Kotas elected to change his plea from not guilty to guilty.

2. His attorney explained to Kotas both the effects of a trial and of a guilty plea. His attorney also explained to him the results of plea bargaining and what might happen if he stood trial.

3. After this explanation Kotas elected to plead guilty.

4. Kotas knew of his right to trial by jury.

5. While the attorney was uncertain, he believed the trial judge asked Kotas if he understood the charges against him.

6. No force or coercion was used against Kotas in regard to the plea of guilty and he never recanted that plea to his 1970 attorney.

The testimony of Kotas at the evidentiary hearing disclosed:

1. He had prepared for trial and had prepared a defense to the charges in cooperation with his attorney.

2. He knew that witnesses against him at trial could be cross-examined by his attorney.

3. He had personally attended an earlier bond hearing where such cross-examination occurred.[1]

4. He knew that a guilty plea foreclosed trial by jury and that it would cause his imprisonment.

5. He pleaded guilty of his own free will.

In addition, in response to his attorney's continuing questions, Kotas first admitted and then denied that he was aware of his constitutional right not to incriminate himself. Kotas did not remember whether medicine he was taking in 1970 for an allergy affected his mental capacity.

Kotas testified further that the only thing the trial judge did in 1970 in regard to his guilty plea was to read off the charges. However, the files and records of the case show that he appeared in open court with his counsel, withdrew his not guilty plea and entered a plea of guilty, that the judge asked him if he was satisfied with his attorney and his attorney's advice and if he was pleading guilty of his own free will and without promise of any kind, and that his response was affirmative.

Kotas would have us believe that the evidence we have so tediously summarized is irrelevant to the disposition of his motion. He maintains that *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) requires that the constitutionality of his guilty plea be determined from the record of the plea proceedings alone and this record may not be supplemented by a later evidentiary hearing because of the danger of "murky memories."

*Boykin* neither requires nor permits such a conclusion. On the contrary, it points to an opposite result at 242.

1. This hearing culminated in the opinion in *Lycans v. Burke*, Ky., 453 S.W.2d 8 (1970).

"We held [in *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962)]:

'Presuming waiver [of the right to counsel] from a silent record is impermissible. The record must show, *or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer.* Anything less is not a waiver.'

*We think that the same standard must be applied to determining whether a guilty plea is voluntarily made.* For as we have said, a plea of guilty is more than an admission of conduct; it is a conviction." (emphasis added; footnote omitted)

The italicized language contemplates the propriety of a subsequent evidentiary hearing. *Joe v. State*, Alaska, 565 P.2d 508 (1977). Further support for this result may be found in *North Carolina v. Alford*, 400 U.S. 25, 29 n. 3, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Toler v. Wyrick*, C.A. 8th, 563 F.2d 372, 373 (1977); *Roddy v. Black*, C.A. 6th, 516 F.2d 1380, 1384, cert. den., 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975); *McChesney v. Henderson*, C.A. 5th, 482 F.2d 1101, 1109 (1973), cert. den., 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974); *LeBlanc v. Henderson*, C.A. 3d, 478 F.2d 481, 483 (1973), cert. den., 414 U.S. 1146, 94 S.Ct. 900, 39 L.Ed.2d 101 (1974); *Fisher v. Wainwright*, M.D.Fla., 435 F.Supp. 253, 259 (1977). The trial court was correct when it supplemented the record by means of a later evidentiary hearing. *Hartsock v. Commonwealth*, Ky., 505 S.W.2d 172 (1974).

■ The alternate position of Kotas is that the evidence adduced at the subsequent hearing was insufficient to support the finding that his guilty plea was entered knowingly, intelligently and voluntarily. The validity of a guilty plea depends "upon the particular facts and circumstances . . . including the background, experience, and conduct of the accused." *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938). In other words, the validity of a guilty plea is determined not by

reference to some magic incantation recited at the time it is taken but from the totality of the circumstances surrounding it. *Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

■ The totality of the circumstances surrounding this plea are summarized above. The trial court had an opportunity to see the witnesses and observe their demeanor on the stand, and recognition must be given to its superior position to judge their credibility and the weight to be given their testimony. Taking into consideration all of these factors, it is beyond cavil that the trial court was correct when it found that this guilty plea was entered voluntarily and with an understanding of the nature of the charges and the ramifications of the plea. Fairness and justice will support no other conclusion. *Fontaine v. United States*, C.A. 6th, 526 F.2d 514 (1975), cert. den., 424 U.S. 973, 96 S.Ct. 1476, 47 L.Ed.2d 743 (1976); *United States ex rel. Robinson v. Housewright*, C.A. 7th, 525 F.2d 988 (1975); *Calabrese v. United States*, C.A. 1st, 507 F.2d 259 (1974). The trial court did not err when it denied the motion of Kotas to withdraw his guilty plea. *Anderson v. Commonwealth*, Ky., 507 S.W.2d 187 (1974); *Dorton v. United States*, C.A. 10th, 447 F.2d 401 (1971).

## II

Kotas also contends that the trial court committed prejudicial error during the hearing at which the penalty was fixed, when it permitted the brother of a witness to act as interpreter for that witness. Counsel for Kotas objected to the use of the brother as an interpreter only until "his qualifications should be shown to the satisfaction of the court." These qualifications were then established to the satisfaction of the court. No further objection was made on the basis of bias resulting from kinship.

■ It is not error per se for a trial court to select a close relative of a witness to serve as his interpreter. The question of bias by reason of kinship was never presented to the trial court for a ruling. Conse-

quently, there is no action by the trial court for an appellate court to review. RCr 9.22; *Brown v. Commonwealth*, Ky., 551 S.W.2d 557, 559 (1977); *Fairbanks v. Cowan*, C.A. 6th, 551 F.2d 97, 99 (1977).

### III

■ The final contention of error made by Kotas is that he was not sentenced in accord with the mandate of KRS 532.050 and 533.010 as applied by this court in *Brewer v. Commonwealth*, Ky., 550 S.W.2d 474 (1977).

These statutes are part of the new penal code which became effective on January 1, 1975. KRS 500.040(1) which is also a part of that code provides that the code shall not apply to any offense committed prior to its effective date, and that such an offense must be construed and *punished* according to the provisions of law existing at the time of the commission of such offense *in the same manner as if the code had not been enacted.*

The crime of which Kotas has been convicted was committed prior to January 1, 1975. He was sentenced in accord with the law in effect at the time of the commission of the offense. He is entitled to no more.

The judgment is affirmed.

All concur, except STEPHENSON, J., who did not sit.