786 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNNY WADE GIBSON, Petitioner-Appellee,
v.
GENE A. SCROGGY, WARDEN, Respondent-Appellant.
 85-5380
 United States Court of Appeals, Sixth Circuit.
 2/28/86
 
 W.D.Ky.
 REVERSED AND REMANDED
 ON APPEAL from the United States District Court for the Western District of Kentucky
 Before: ENGEL, KENNEDY, and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Respondent-appellant, Gene A. Scroggy, Warden of the Kentucky State Penitentiary in Eddyville, Kentucky, appeals from the District Court order conditionally granting a petition for a writ of habeas corpus if the Commonwealth of Kentucky did not give petitioner-appellee, Johnny Wade Gibson, the opportunity to replead to the counts contained in Indictment No. 79-CR-039 within sixty days. This appeal raises the question whether petitioner voluntarily and with an understanding of the elements of the crime entered a guilty plea to a charge of robbery in the first degree under Kentucky Revised Statute ('KRS') 515.020.[1] For the reasons set forth below, we reverse the order conditionally granting the petition for a writ of habeas corpus.
 
 
 2
 On September 24, 1979, with the advice of counsel, petitioner pleaded guilty to one count of robbery in the first degree under KRS 515.020; one count, in the first degree, under KRS 532.080, the Kentucky persistent felony offender statute; one count of forgery in the second degree under KRS 516.030; one count of escape in the second degree under KRS 520.030; and one count of theft by unlawful taking or disposition of property with a value of $100 or more under KRS 5 4.030(2). In return, the Commonwealth of Kentucky dismissed four counts, in the first degree, under the persistent felony offender statute. The Hart County Circuit Court sentenced petitioner to a term of twenty years on the robbery and persistent felony offender charges and to terms of two years on each of the three other felonies, for a total sentence of twenty-six years.
 
 
 3
 Petitioner subsequently sought to vacate the judgment on the first degree robbery charge and the accompanying first degree persistent felony offender charge through Kentucky Rule of Criminal Procedure 11.42. On April 18, 1983, the Hart County Circuit Court overruled petitioner's motion, making specific findings of fact and conclusions of law. Petitioner appealed the decision to the Kentucky Court of Appeals, which affirmed. The Supreme Court of Kentucky denied a writ for discretionary review. Petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Kentucky claiming that his guilty pleas to the first degree robbery and persistent felony offender charges were involuntary because he did not realize that one of the elements of the crime of first degree robbery required that he had to have the intent to accomplish a theft when he admittedly inflicted physical injury upon his victim. The District Court referred the petition to a magistrate for a report and recommendation. The magistrate's report recommended that the District Court grant the petition. After considering de novo those portions of the magistrate's report to which the parties filed objections, the District Court adopted the magistrate's report and recommendation and issued an order conditionally granting the petition.
 
 
 4
 Respondent contends that petitioner voluntarily entered his guilty pleas with a full understanding of the nature of the robbery charge. In Boykin v. Alabama, 395 U.S. 238 (1969), the Supreme Court stated that the Court would not presume the waiver of constitutional rights accompanying a guilty plea from a silent record. Id. at 243. Accordingly, the Court reversed the petitioner's convictions "because the record does not disclose that the defendant voluntarily and understandingly entered his pleas of guilty." Id. at 244. In Henderson v. Morgan, 426 U.S. 637, 645 (1976), the Supreme Court, quoting Smith v. O'Grady, 312 U.S. 329, 334 (1941), stated that a guilty plea 'could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him . . .."
 
 
 5
 The Commonwealth contends that the record establishes that petitioner received real notice of the nature of the robbery charge. In affirming the Hart County Circuit Court's order denying petitioner's motion to reopen the case, the Kentucky Court of Appeals found:
 
 
 6
 After hitching a ride with his victim, a preacher, appellant threw the man out of the car and beat him, seriously injuring him. Appellant then took the victim's wallet and drove off in his car. Both the car and the wallet were later recovered, though all cash had been removed from the wallet. At his RCr 11.42 hearing, appellant testified that he did not attack the preacher with the intention of robbing him, but rather to fend off the preacher's homosexual advances. He contends that, had he been informed that intent to commit theft was one of the elements of robbery, he would not have pled guilty to the charge. Therefore, he argues, his guilty plea was involuntary. We disagree.
 
 
 7
 .............................................................
 
 
 8
 ...................
 
 
 9
 * * *
 
 
 10
 . . . [W]hile appellant was never informed in so many words of the elements of the offense of robbery in the first degree, he acknowledged that his attorney did tell him that proof he had beaten up a man and taken his car would be sufficient to support a conviction for robbery. In our view, this statement was sufficient to give appellant 'true notice of the real charges against him.' Henderson, supra. Further, before accepting appellant's plea, the court read the indictment to appellant and asked him if he understood the charges. Appellant responded that he did. Also, appellant's attorney testified that he was certain appellant understood the charges to which he was pleading. Accordingly, in light of all the facts and circumstances, we cannot say that the court erred in finding that appellant's plea was voluntary. Kotas v. Commonwealth, [565 S.W.2d 445 (Ky. 1978)].
 
 
 11
 Gibson v. Commonwealth, No. 83-CA-1481-MR, slip op. at 2-4 (Feb. 3, 1984).
 
 
 12
 In Sumner v. Mata, 455 U.S. 591, 598 (1982), the Supreme Court emphasized that 28 U.S.C. Sec. 2254(d) 'requires the federal courts to show a high measure of deference to the factfindings made by the state courts.' In Marshall v. Lonberger, 459 U.S. 422, 432 (1983), the Court wrote: 'This deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair support' in the record.' The magistrate's report, however, stated:
 
 
 13
 It is clear from the state court record that neither the petitioner's defense counsel nor the Court advised the petitioner that to be guilty of robbery in the first degree in violation of KRS 515.020 his use of physical force against the victim would have had, as a matter of law, to be perpetrated with the intent to accomplish and in the course of committing a theft.
 
 
 14
 The District Court adopted the findings of fact and conclusions of law in the magistrate's report. We hold that the District Court and the magistrate erred in overruling the state court findings in this case.
 
 
 15
 The record 'fairly supports' the Kentucky Court of Appeals' conclusion that petitioner voluntarily and intelligently entered the guilty plea with 'real notice of the true nature of the charge against him.' Petitioner argues that his guilty plea was involuntary because he would not have pled guilty to the charge of robbery in the first degree if he had known that the elements of the crime require that he intend to rob when he admittedly inflicted the personal injuries on his victim. Petitioner claims that his victim's alleged homosexual advances caused him to inflict the serious personal injuries and that he formed the intent to rob later. Petitioner contends that since he did not have the intent to rob until after he had beaten his victim, he was not guilty of robbery in the first degree. At the evidentiary hearing on the Ky. R. Crim. P. 11.42 motion, petitioner testified that:
 
 
 16
 [Mr. Hogue, the victim,] pulled over and I snatched the keys out of his car and got out. I was mad because he had tried to force homosexuality on me. And so I . . . beat Mr. Hogue; I attacked him physically for this reason, for homosexual advances. And I explained this, I explained it to Mr. Lang [petitioner's counsel], maybe not in those exact words but somewhat to that extent. That I did not have any intention to rob him--Mr. Hogue. When the physical attack was made there was no intentions [sic] of robbery.
 
 
 17
 .............................................................
 
 
 18
 ...................
 
 
 19
 * * *
 
 
 20
 Yes, I . . . beat him up. I did drive off in his car but the intent was not there, you know, the physical attack, when I attacked him physically, it was not with the intentions to commit theft; it was because he placed his hand in my private sexual area and he was trying to force homosexual activities on me. . . .
 
 
 21
 George Lang, petitioner's counsel, confirmed that petitioner told him of the victim's alleged homosexual advances. Lang, however, also testified that he did not think that the jury would believe petitioner's story. During Lang's testimony at the state evidentiary hearing, petitioner and Lang had the following exchange:
 
 
 22
 Q9 How could you advise me to plead guilty after the way I had explained it to you? You know--because there was no intent? You know that I told you I had no intention of robbing Mr. Hogue.
 
 
 23
 .............................................................
 
 
 24
 ...................
 
 
 25
 * * *
 
 
 26
 A. . . . On returning to Hart County, I discussed the matter with Daymond Humphrey who was then sheriff or deputy sheriff. He informed me of the various other things that the state held in the way of evidentiary materials. He indicated that the state had found a billfold that had been thrown out of an automobile--it had identification. He informed me that a camera had been taken; he informed me that the witness had been severely beaten. Now, the only element necessary to constitute robbery--I am not talking about your defense--but to constitute the crime of robbery-was that there was severe physical harm done to an innocent person, a person who was not involved in the crime being committed. You seemed to satisfy those requirements pretty well from the evidence I was given. . . .
 
 
 27
 .............................................................
 
 
 28
 ...................
 
 
 29
 * * *
 
 
 30
 A. At that point, the only evidence that you would have been able to offer would have been your own testimony; and your testimony, particularly the testimony concerning the man's homosexuality--that is a common defense, not unique to you; I think every defendant I ever represented was in a similar situation or has offered the same defense. There was nothing, no means of proving that that charge on your behalf was true.
 
 
 31
 The fact that petitioner's counsel discussed the 'homosexual advances' defense with petitioner and then rejected the defense because the jury would probably not believe petitioner's story indicates that petitioner's counsel discussed the elements of the offense with petitioner.
 
 
 32
 In any event, Count I of Indictment No. 79-CR-039 gave petitioner notice of elements of first degree robbery:
 
 
 33
 COUNT 1: That on or about the 21st day of April, 1979, in Hart County Kentucky, the above named Defendant while in the course of committing a crime (Theft by Unlawful Taking) he caused serious physical injury to Paul Randall Hogue, against the peace and dignity of the Commonwealth of Kentucky . . ..
 
 
 34
 Petitioner admitted at the evidentiary hearing that the robbery indictment was read to him at his arraignment and when he entered his guilty plea. Petitioner contends that neither the trial court nor defense counsel advised him that he could not be guilty of robbery in the first degree under KRS 515.020 unless he inflicted force upon the victim 'with intent to accomplish the theft.' The indictment, however, alleged that petitioner 'caused serious physical injury' to the victim 'while in the course of commiting a crime (Theft by Unlawful Taking).' The crime 'theft by unlawful taking' required petitioner have the intent to take. Accordingly, the indictment charged that, while intending to unlawfully take another's property, petitioner inflicted serious physical injury on his victim.
 
 
 35
 In addition, at the guilty plea proceeding, the trial judge asked the petitioner whether he understood 'what you are charged with and what you are pleading guilty to?' Petitioner responded affirmatively. After reading Indictment No. 79-CR-039, the trial judge again inquired whether petitioner understood the charges. Petitioner responded, 'Yeah. Yes, sir.' Later in the proceeding, the trial judge asked petitioner, 'Are you satisfied with the services of your attorney? Has he explained what all this involves and what a guilty plea will mean?' Petitioner responded, 'Yes, sir.' Finally, at the evidentiary hearing on petitioner's Rule 11.42 motion, during the testimony of petitioner's counsel, the following exchange took place:
 
 
 36
 Q3 In your personal opinion, did [petitioner] know what he was entering a plea to when he entered his plea?
 
 
 37
 A. Certainly. It was explained to him by me and it was also clarified by the Court.
 
 
 38
 Accordingly, the record 'fairly supports' the conclusion that petitioner's guilty plea was voluntary.
 
 
 39
 Furthermore, in Henderson v. Morgan, supra, the Supreme Court stated that when counsel represents an accused, courts often may presume that defense counsel has given the defendant sufficient notice of the charge.
 
 
 40
 Normally the record contains either an explanation of the charge by the trial judge, or at least a representation by defense counsel that the nature of the offense has been explained to the accused. Moreover, even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit.
 
 
 41
 426 U.S. at 647. See also Marshall v. Lonberger, 459 U.S. at 436-38. Although the Court affirmed the grant of the petition for writ of habeas corpus in Henderson, the Court noted that the case was 'unique because the trial judge found as a fact that the element of intent was not explained to respondent.' 426 U.S. at 647. In this case, petitioner's counsel testified that he explained the nature of the charge to petitioner.
 
 
 42
 Finally, we observe that in Henderson, the Supreme Court assumed, but did not decide, that notice of the true nature of a charge does not always require a description of every element of the offense. 426 U.S. at 647 n.18. In McGuirk v. Fair, 622 F.2d 597, 598 (1st Cir.), cert. denied, 449 U.S. 882 (1980), the First Circuit concluded that the Supreme Court did not 'erect[ ] a per se rule that failure to inform the defendant of the technical elements of an offense, which are often confusing even to lawyers, renders involuntary a plea of guilty to that offense.' See also Nelson v. Callahan, 721 F.2d 397, 400 (1st Cir. 1983).
 
 
 43
 On the basis of the state court record and the Henderson presumption, we conclude that petitioner voluntarily and intelligently entered the guilty pleas to the first degree robbery and presistent felony offender charges. Accordingly, we reverse the District Court's order conditionally granting the petition for a writ of habeas corpus. The action is remanded to the District Court with directions to consider the other issues raised in the petition for writ of habeas corpus.
 
 
 
 [1]
 Kentucky Revised Statute 515.020 provides in pertinent part:
 (1) A person is guilty of robbery in the first degree when, in the course of committing theft, he uses or threatens the immediate use of physical force upon another person with intent to accomplish the theft and when he:
 (a) Causes physical injury to any person who is not a participant in the crime . . ..