Michael R. PARRISH, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2007–SC–000782–DG.

Supreme Court of Kentucky.

April 23, 2009.

Rehearing Denied June 25, 2009.

---

8. *See Fawbush v. Gwinn,* 103 S.W.3d 5 (Ky. 2003).

Michael R. Parrish, pro se, Frankfort, KY, Counsel for Appellant.

Jack Conway, Attorney General, David Wayne Barr, Assistant Attorney General, Office of Criminal Appeals, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Justice CUNNINGHAM.

Because this appeal turns primarily upon procedural matters pertaining to RCr 11.42 and CR 60.02, a detailed account of the facts will not be necessary.

It is sufficient to recount that on or about August 30, 2004, the Franklin County Sheriff's Department conducted a consent search of the home of Appellant, Michael R. Parrish, wherein deputies seized thirty-four (34) marijuana plants and equipment used for the growing of marijuana, including transformers, lights, and fertilizer. A grand jury indicted Parrish on one count of cultivating marijuana (five or more plants). Parrish unsuccessfully moved the trial court to suppress the evidence discovered during the search. On March 25, 2005, Parrish entered an *Alford* plea in the Franklin Circuit Court and was sentenced to one (1) year in prison, probated for two (2) years, with the final judgment being entered on June 6, 2005.

One year later, Parrish filed two *pro se* motions pursuant to CR 60.02 and RCr 11.42, attempting to vacate the judgment. At the time Parrish filed his motions on June 6, 2006, as well as at the time the trial court entered its order denying both motions on July 17, 2006, Parrish was on probation. On August 15, 2006, Parrish filed his notice of appeal and his probation expired while that appeal was pending.[1]

The Court of Appeals determined that Parrish could no longer seek relief pursuant to RCr 11.42 because his probation had expired prior to consideration of the appeal. Parrish's request for relief under CR 60.02 was also rejected by the Court of Appeals, holding that an evidentiary hearing was not necessary as the record was

---

1. While it is not specifically conceded or stipulated, there is no dispute that Parrish's probation expired without either revocation or extension on June 6, 2007, two years from the date of judgment and sentence.

sufficient to allow the trial court to make a determination. Upon review, we affirm the decision of the Court of Appeals.

■ Parrish contends the Court of Appeals erred when it found his RCr 11.42 motion became moot once he completed probation. RCr 11.42(1) states as follows:

A prisoner in custody under sentence or a defendant on probation, parole or conditional discharge who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence, to vacate, set aside or correct it.

Parrish argues that the rule requires only that the party seeking relief be "in custody under sentence or ... on probation" at the time relief is sought. Thus, he argues, relief is available because he was still on probation at the time he filed the motion.

We disagree. The language of the rule is plain and unambiguous that relief is available only to "[a] prisoner in custody ... or on probation[.]" Our predecessor Court expressly rejected an identical argument in *Sipple v. Commonwealth*: "RCr 11.42 does not provide, expressly or by implication, for the review of any judgment other than the one or ones pursuant to which the movant is being held in custody." 384 S.W.2d 332 (Ky.1964). Likewise, in *Wilson v. Commonwealth*, our predecessor Court again explained: "RCr 11.42 is procedural remedy designed to give a convicted prisoner a direct right to attack the conviction *under which he is being held*. It is supplemental to the right of habeas corpus, and we must accept the plain meaning of the language of the rule." 403 S.W.2d 710, 712 (Ky.1966) (emphasis added).

Further, we note that Parrish's argument fails to consider the remedy available under RCr 11.42. By its plain language, the rule is a mechanism by which the party "claims a right to be released" from his sentence. It is axiomatic that a person cannot be released from a sentence which has been completed. For these reasons, we conclude the Court of Appeals did not err when it found that Parrish, by virtue of having completed his sentence during the pendency of his appeal, could not seek appellate relief from the denial of his RCr 11.42 motion.

■ Having rejected Parrish's arguments as they relate to his motion under RCr 11.42, we turn to his CR 60.02 motion. Parrish's CR 60.02 motion survives the completion of his sentence. In that motion, Parrish challenges the validity of the search of his home. He argues that the investigating officers gave false testimony at the suppression hearing regarding the time it took for them to secure Parrish's consent, and that newly discovered evidence—specifically, police dispatch recordings—support a finding that the officers gave perjured testimony. According to Parrish, the recordings conclusively establish that it took the officers over thirty minutes to obtain Parrish's consent to search his house, as opposed to ten minutes as they testified at the suppression hearing.

■ We review a trial court's denial of a CR 60.02 motion for abuse of discretion. *Barnett v. Commonwealth*, 979 S.W.2d 98, 102 (Ky.1998). There is no such abuse here. The trial court correctly noted that an illegal search and seizure cannot provide a basis for granting post-conviction relief, as the admission of illegally obtained evidence is merely a trial error and does not render the proceedings void. *Carter v. Commonwealth*, 450 S.W.2d 257 (Ky.1970). *See also Wahl v. Commonwealth*, 396 S.W.2d 774, 775 (Ky. 1965) ("The appellant challenged the legality of the search and seizure at the trial and is not in a position to raise the same

question in an RCr 11.42 proceeding at this time.").

We also note that Parrish voluntarily, knowingly, and intelligently entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In his CR 60.02 motion, Parrish is, in effect, challenging the sufficiency of the evidence against him. The effect of entering a voluntary guilty plea is to waive all defenses other than that the indictment charges no offense. *Quarles v. Commonwealth*, 456 S.W.2d 693, 694 (Ky.1970). Parrish has forfeited the opportunity to attack his conviction on these grounds.

To the extent that Parrish argues his guilty plea was coerced as a result of the officers' alleged false testimony, this argument is refuted by the record. The allegations made by Parrish in his motion, even if accepted as true, do not call into question the validity of Parrish's consent to search. Furthermore, as the trial court noted, there is nothing in the record to indicate that counsel gave unsound advice, or otherwise improper advice, regarding a guilty plea. In short, any assertion that Parrish's guilty plea was coerced is refuted by the record and the trial court did not err in denying the motion without holding an evidentiary hearing. *Gross v. Commonwealth*, 648 S.W.2d 853 (Ky.1983).

The Court of Appeals did not err in finding Parrish's RCr 11.42 motion became moot once he served his probation. Furthermore, the trial court did not abuse its discretion in denying Parrish's motion for CR 60.02 relief. For these reasons, the opinion of the Court of Appeals is affirmed.

All sitting. All concur.