RENDERED:  NOVEMBER 5, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0564-MR

ANTHONY WYATT                                                           APPELLANT

v.                          APPEAL FROM HARDIN CIRCUIT COURT
                            HONORABLE KEN M. HOWARD, JUDGE
                            ACTION NO. 16-CR-00956

COMMONWEALTH OF KENTUCKY                                                APPELLEE

OPINION
DISMISSING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; GOODWINE AND McNEILL,
JUDGES.

CLAYTON, CHIEF JUDGE:  Anthony Wyatt appeals from the Hardin Circuit

Court's order denying his Kentucky Rule of Criminal Procedure (RCr) 11.42

motion to vacate his convictions for wanton endangerment without an evidentiary

hearing.  Because Wyatt is no longer in custody for the sentence from which he

seeks relief, RCr 11.42 is unavailable.  We therefore dismiss this appeal.

On December 1, 2016, the Hardin County grand jury indicted Wyatt on three counts of wanton endangerment in the first degree. The indictment alleged that Wyatt fired multiple gunshots in the direction of his next-door neighbor's house during a dispute between the parties. On May 15, 2017, Wyatt entered an *Alford*[1] plea. Pursuant to his plea agreement with the Commonwealth, the circuit court sentenced Wyatt to five years' imprisonment but agreed to place Wyatt on pretrial diversion for three years. Wyatt's pretrial diversion contained special conditions, including that Wyatt have no contact with his victims or their property.

Shortly thereafter, Wyatt violated the terms of his pretrial diversion by having contact with the victims. As a result, the Commonwealth filed a motion to revoke. The circuit court ultimately ordered Wyatt to undergo a competency evaluation by the Kentucky Correctional Psychiatric Center to determine if Wyatt was competent to stand trial under Kentucky Revised Statutes (KRS) 504.080. After Wyatt completed such testing, the circuit court held a hearing and found Wyatt to be competent under the statute.

After a hearing, the circuit court revoked Wyatt's diversion and, by order entered on January 5, 2018, the circuit court sentenced Wyatt to serve five years' imprisonment.

---

[1] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

Wyatt was appointed post-conviction counsel, who filed an RCr 11.42 motion to vacate Wyatt's conviction on September 27, 2019, based on ineffective assistance of counsel. The motion raised two primary issues: the allegation that trial counsel failed to obtain Social Security Administration records showing that Wyatt had received a payment for mental disability and the assertion that trial counsel had failed to develop a defense around a video recording.

On January 14, 2020, the Kentucky Department of Corrections discharged Wyatt from its custody. On April 9, 2020, the circuit court entered an order denying Wyatt's RCr 11.42 motion without a hearing based on its determination that the record conclusively refuted Wyatt's claims. Wyatt timely appealed to this Court, contending that the trial court erred in failing to afford him a hearing on his motion and again reiterating essentially the same arguments he asserted below.

RCr 11.42(1) provides that "[a] prisoner in custody under sentence . . . who claims a right to be released on the ground that the sentence is subject to collateral attack may at any time proceed directly by motion in the court that imposed the sentence to vacate, set aside or correct it." Moreover, the Kentucky Supreme Court has conclusively interpreted this provision to mean that relief under RCr 11.42 is unavailable to a movant who has completed his or her sentence. *Parrish v. Commonwealth*, 283 S.W.3d 675, 677 (Ky. 2009). In *Parrish*, the Court

rejected the contention that an RCr 11.42 motion filed before the expiration of a sentence remains ripe for review when an appellant completes that sentence during the appellate process. *Id*. The Supreme Court explained the rationale underpinning its conclusion that the completion of a defendant's sentence renders moot any relief via RCr 11.42:

> Further, we note that Parrish's argument fails to consider the remedy available under RCr 11.42. By its plain language, the rule is a mechanism by which the party "claims a right to be released" from his sentence. It is axiomatic that a person cannot be released from a sentence which has been completed. For these reasons, we conclude the Court of Appeals did not err when it found that Parrish, by virtue of having completed his sentence during the pendency of his appeal, could not seek appellate relief from the denial of his RCr 11.42 motion.

*Parrish*, 283 S.W.3d at 677. Thus, because Wyatt has served out his sentence, he cannot claim relief via RCr 11.42.

We note, however, that the rules do not entirely deprive all defendants who receive relatively short sentences of an opportunity to seek appropriate appellate relief. *Parrish* makes clear that, unlike an RCr 11.42 motion, a "[Kentucky Rule of Civil Procedure (CR)] 60.02 motion survives the completion of [a defendant's] sentence." *Id*. Thus, an appellant with a truly meritorious claim may seek CR 60.02 relief if he or she can meet its rigorous criteria.

-4-

In sum, because completion of Wyatt's sentence has rendered moot his challenge to the denial of RCr 11.42 relief, this appeal is hereby dismissed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Samuel N. Potter
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky