RENDERED: JUNE 23, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0125-MR

TERRY JONES          APPELLANT

v.          APPEAL FROM KENTON CIRCUIT COURT
HONORABLE KATHLEEN S. LAPE, JUDGE
ACTION NO. 19-CR-01593-002

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, GOODWINE, AND McNEILL, JUDGES.

CALDWELL, JUDGE: Terry Jones appeals the trial court's denial of his motion

pursuant to RCr[1] 11.42 seeking a new trial. Having reviewed the record, the briefs

of the parties, and the law, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## FACTS

In 2019, Jones was indicted on several counts. In exchange for his guilty pleas, the Commonwealth amended the charges to aggravated trafficking in a controlled substance, 28 or more grams of fentanyl; trafficking in a controlled substance in the first degree, heroin; and trafficking in a controlled substance in the first degree, cocaine. Other counts were dismissed. His total sentence to serve was twenty-five (25) years: twenty (20) years on the aggravated trafficking count to run concurrently with ten (10) years on the trafficking in heroin count, both to run consecutive to five (5) years on the trafficking in cocaine count. He was sentenced in February of 2021.

Jones filed a motion pursuant to RCr 11.42 alleging ineffective assistance of counsel in June of 2021. He alleged that his attorney had failed to advise him concerning the legal basis for the charges against him, had failed to challenge the search and seizure of items from his residence and failed to file a motion to suppress evidence seized from his residence, failed to challenge an "incorrect" sentence, failed to file a motion to withdraw his guilty plea, and failed to file a direct appeal.[2]

---

[2] Jones has apparently abandoned several of these claims as he does not raise them in his brief filed in this Court.

The trial court did not hold an evidentiary hearing into Jones' claims, finding all could be refuted by the record, were insufficient to require his conviction be vacated, and failed to demonstrate prejudice. His motion was denied by the court in a written order denying relief.

In the order, the trial court found that there was not a sufficient allegation concerning failure to advise him concerning the legal basis for the aggravating trafficking count. While he labored under the mistaken belief that he was charged with a Class C felony, he was charged with a Class A felony, the court found. Further, the court found that the trafficking count had been enhanced due to the discovery of a firearm near the controlled substance, but that his attorney had successfully negotiated a plea to a Class B felony. The other two trafficking counts were amended from Class B felonies, as charged, to Class C felonies when his counsel negotiated the removal of the handgun enhancements on those charges. The court dispensed with his arguments concerning the propriety of the search warrant and the trial court's failure to challenge the warrant by pointing to his guilty plea and noting that he was questioned about his plea and the factual basis therefor, and that the court had found his plea to be intelligent and voluntary. The court did not address the other issues raised in the motion.

## STANDARD OF REVIEW

The denial of an RCr 11.42 motion is reviewed on appeal for an abuse of the trial court's discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). Abuse of discretion has been defined as occurring when the trial court enters an order or makes a ruling which is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

> To succeed on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. at 687, 104 S. Ct. at 2064.

*Wagner v. Commonwealth*, 483 S.W.3d 381, 383 (Ky. App. 2015). Also, reviewing courts must presume that the assistance offered by counsel "falls within the wide range of reasonable professional assistance[.]" *Strickland*, *supra*, at 689, 104 S. Ct. at 2065. With this in mind, we review Jones' allegations.

When the prosecution ended in a guilty plea, the movant must make a showing of prejudice which establishes that had the ineffective assistance not been rendered, the matter would not have ended in a guilty plea but would have ended in a trial.

> The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

The trial court conducted a plea colloquy when Jones entered his plea. At that time, Jones indicated that he was pleading guilty knowingly, intelligently, and voluntarily. He had also participated in felony mediation prior to the entry of his guilty plea. Therefore, he had plenty of opportunity to determine whether questioning the sufficiency of search warrant affidavits and other allegations concerning the sufficiency of evidence before determining that he would enter a guilty plea, putting aside any concerns about sufficiency of the search warrant affidavits or any other evidence against him. He told the judge at the time of entering his plea that he was satisfied with counsel's advice and had no complaints about her services.

Moreover, allegations of illegal searches and seizures are not, in and of themselves, grounds for relief pursuant to RCr 11.42.

> The trial court correctly noted that an illegal search and seizure cannot provide a basis for granting post-conviction relief, as the admission of illegally obtained evidence is merely a trial error and does not render the proceedings void. *Carter v. Commonwealth*, 450 S.W.2d

257 (Ky. 1970). *See also Wahl v. Commonwealth*, 396
S.W.2d 774, 775 (Ky. 1965) ("The appellant challenged
the legality of the search and seizure at the trial and is not
in a position to raise the same question in an RCr 11.42
proceeding at this time.").

*Parrish v. Commonwealth*, 283 S.W.3d 675, 677-78 (Ky. 2009). Jones failed to provide any cognizable argument that counsel was ineffective when she did not challenge the search warrant, or the affidavits proffered to obtain the warrant. Further, he makes no argument that he requested that counsel challenge the search warrant.

Jones next complains that his attorney advised him to plead guilty to a Class A felony. He was charged with a Class A felony: aggravated trafficking in a controlled substance, fentanyl, with a firearm. He ultimately pleaded guilty to aggravated trafficking in a controlled substance in the first degree, fentanyl, 28 or more grams, which is a Class B felony. His attorney obtained this result after negotiating on his behalf for the removal of the firearm specification. Thus, this claim must fail as counsel was clearly not deficient as she negotiated a lesser charge, a charge to which he voluntarily pleaded guilty.

The validity of a guilty plea must be determined
not from specific key words uttered at the time the plea
was taken, but from considering the totality of
circumstances surrounding the plea. *Kotas v.
Commonwealth*, Ky., 565 S.W.2d 445, 447 (1978); *Lynch
v. Commonwealth*, Ky. App., 610 S.W.2d 902 (1980);
*Sparks*, *supra*. These circumstances include the
accused's demeanor, background and experience, and

-6-

whether the record reveals that the plea was voluntarily made. *Sparks*, *supra*, *Littlefield v. Commonwealth*, Ky. App., 554 S.W.2d 872 (1977). The trial court is in the best position to determine if there was any reluctance, misunderstanding, involuntariness, or incompetence to plead guilty. *Littlefield*, *supra*, at 874. *See Kotas*, *supra*, at 447. Solemn declarations in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 97 S. Ct. 1621, 52 L. Ed.2d 136 (1977).

In the instant case, the record clearly shows that the *Boykin* requirements have been met. The trial court conducted a lengthy discussion with appellant to determine that appellant was intelligently, knowingly, and voluntarily entering his guilty plea. The court first ascertained that appellant was not suffering from mental disease and was not under the influence of alcohol or drugs at the time of entering his plea. The appellant also told the judge that he had a sufficient amount of time to privately confer with his attorney about changing his plea, and that he had no further questions to ask his attorney. The appellant further told the court that he had read the waiver and guilty plea form, and understood it and, accordingly, signed his rights.

*Centers v. Commonwealth*, 799 S.W.2d 51, 54 (Ky. App. 1990).

Jones also questions the legality of the sentence he received. The total to serve on all charges to which he was sentenced was twenty-five (25) years, and he acknowledged that sentence at the entry of his plea.[3] He alleges that he was sentenced to multiple sentences for the same count, and his attorney should have

---

[3] The sentence for the aggravated trafficking count, twenty (20) years, and the trafficking of heroin count, ten (10) years, were run concurrently to one another, but consecutive to the sentence for the trafficking of cocaine (5 years). Parole eligibility for the first two counts was 50%, and 20% for the five-(5) year sentence.

ensured that did not happen. His allegation, though, is simply incorrect. He faced three counts and received three sentences to the amended counts. He was not subjected to double jeopardy.

Jones allocuted to the charges at the entry of his plea and acknowledged that he committed the acts which led to the charges, in detail. He complains that he was not advised by his attorney that a jury would have to determine whether he was guilty of "aggravated" trafficking but fails to understand that a jury would have had to have found each element of the crimes against him were established by the prosecution beyond a reasonable doubt. His decision to accept the plea deal made it unnecessary to empanel a jury and present the matter to the jury for determination.

> It should first be noted that the effect of entering a voluntary guilty plea is to waive all defenses other than that the indictment charges no offense. *Quarles v. Commonwealth*, Ky., 456 S.W.2d 693 (1970); *Hendrickson v. Commonwealth*, Ky., 450 S.W.2d 234 (1970). A guilty plea constitutes a break in the chain of events, and the defendant therefore may not raise independent claims related to the deprivation of constitutional rights occurring before entry of the guilty plea. *White v. Sowders*, 644 F.2d 1177 (6th Cir.1980).

*Id.* at 55.

The trial court did not hold a hearing into Jones' allegations concerning ineffective assistance of counsel, finding they were refuted by the record. Jones does not allege on appeal that the failure to hold a hearing was error.

A trial court must hold an evidentiary hearing on an RCr 11.42 motion "only when there is 'a material issue of fact that cannot be determined on the face of the record.'" [*Commonwealth v. Searight*, 423 S.W.3d 226, 228 (Ky. 2014)] (quoting RCr 11.42(5) (other citation omitted)). A court may "summarily" deny "motions asserting claims refuted or otherwise resolved by the record." *Commonwealth v. Pridham*, 394 S.W.3d 867, 874 (Ky. 2012). Also, no hearing is required if "the allegations, even if true, would not be sufficient to invalidate [the] convictions." *Searight*, 423 S.W.3d at 228 (internal quotation marks and citation omitted).

*Fowler v. Commonwealth*, 634 S.W.3d 605, 609 (Ky. App. 2021).

Since Jones does not complain about the lack of a hearing, and the order of the trial court denying the relief establishes that a hearing was not required as all allegations made were readily refuted by the record, we find that a hearing was not required, and the trial court did not abuse its discretion in so finding. *See Hensley v. Commonwealth*, 305 S.W.3d 434 (Ky. App. 2010) (evidentiary hearing was not required on defendant's motion to vacate sentence based on allegedly ineffective assistance of counsel; defendant "offered no factual support for his claims" and during plea colloquy, he "specified that he had no complaints about his attorneys' performance").

**CONCLUSION**

For all of the foregoing reasons, the trial court's order denying relief on the RCr 11.42 motion is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:

Terry Jones, *pro se*
Wheelwright, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky