RENDERED: AUGUST 4, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0986-MR

RACHEL HURT                                           APPELLANT

               APPEAL FROM HARDIN CIRCUIT COURT
v.           HONORABLE KELLY MARK EASTON, JUDGE
               ACTION NO. 18-CR-01239

COMMONWEALTH OF KENTUCKY                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; GOODWINE AND TAYLOR, JUDGES.

THOMPSON, CHIEF JUDGE: Rachel Hurt ("Appellant") appeals from an order of the Hardin Circuit Court denying her motion for Kentucky Rules of Civil Procedure ("CR") 60.02 relief from judgment. Appellant argues that her guilty plea was not valid, thus constituting extraordinary circumstances justifying CR 60.02 relief. After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On January 14, 2020, Appellant entered a guilty plea in Hardin Circuit Court to one count of sexual abuse in the first degree and two counts of assault in the fourth degree.[1] The charges arose from an incident occurring on October 24, 2018, at the Communicare mental health treatment facility in Elizabethtown, Kentucky. Appellant was receiving counseling at the facility when she attempted to escape.[2] In the process of trying to flee, Appellant sexually assaulted Communicare personnel by grabbing their breasts and genitals, biting, spitting, and using sexually explicit language. She also threatened to commit suicide. She was arrested, charged, and subsequently entered the guilty plea.

By the time Appellant was sentenced, she had already served out her one-year sentence. After the service of her sentence, Appellant remained in custody for about 10 weeks while her guardian and legal counsel sought to find an appropriate treatment facility. Upon release from incarceration, Appellant was placed on five years of sexual offender post-incarceration supervision ("SOPIS"). She began SOPIS on April 1, 2020. The following month, Appellant failed to call her probation and parole officer as instructed. On May 21, 2020, a parole violation

---

[1] Kentucky Revised Statutes ("KRS") 510.110 and KRS 508.030.

[2] The record contains evidence that Appellant has mood disorders, bipolar disorder, a learning disability, and an I.Q. of 67.

warrant was issued on the grounds of absconding from supervision. Hearings were conducted, and there was general agreement between the parties and court that Appellant suffered from significant mental health issues. During this period, Appellant was treated at University of Louisville Emergency Psychiatric Services and Seven Counties Services.

It was later determined that Appellant had been arrested in Indiana. On June 22, 2020, and after her release from detention in Indiana, Appellant was served with a notice of a preliminary hearing alleging that she had violated her SOPIS by absconding. The court found by a preponderance of the evidence that Appellant absconded from supervision, and the matter was referred to the Parole Board. On August 27, 2020, a hearing on the matter was conducted, which resulted in revocation of her SOPIS.

On July 18, 2022, Appellant, through counsel, filed a motion for CR 60.02 relief from judgment. In support of the motion, Appellant alleged that her guilty plea was not knowing, intelligent, and voluntary because she did not fully understand what the five-year SOPIS meant when the plea was entered. On August 21, 2022, the Hardin Circuit Court entered an order denying her motion and this appeal followed.

## STANDARD OF REVIEW

"Our standard of review of a trial court's denial of a CR 60.02 motion is whether the trial court abused its discretion.  The test for abuse of discretion is whether the trial court's decision was 'arbitrary, unreasonable, unfair, or unsupported by sound legal principles.'"  *Age v. Age*, 340 S.W.3d 88, 94 (Ky. App. 2011) (citations omitted).

> The decision as to whether to grant or to deny a motion filed pursuant to the provisions of CR 60.02 lies within the sound discretion of the trial court.  The rule provides that a court may grant relief from its final judgment or order upon various grounds.  Moreover, the law favors the finality of judgments.  Therefore, relief may be granted under CR 60.02 only with extreme caution and only under the most unusual and compelling circumstances.

*Id.* (citations omitted).

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, argues that the Hardin Circuit Court erred in denying her motion for CR 60.02 relief.  She maintains that she did not understand her guilty plea, which constitutes an extraordinary circumstance justifying relief and which renders the judgment void.  Appellant contends that she made the guilty plea only because she believed the plea would allow her to get out of custody sooner, if not immediately, at the time of the plea.

Appellant's counsel notes that Appellant has significant mental health and behavioral issues. Counsel directs our attention to statements Appellant made at arraignment, a pre-trial conference, and the plea hearing, in support of counsel's assertion that Appellant did not understand what she was agreeing to and simply sought to get out of jail as quickly as possible. Counsel also points to a comment Appellant made to the court about the mandatory evaluation prior to sentencing, which counsel argues demonstrates that Appellant did not know what she was doing.

Counsel contends that Appellant needs help with daily living, including finances, healthcare, and living arrangements. She asserts that at the revocation proceeding, no one, including Appellant's parole officer and the court, wanted to revoke Appellant's probation. Appellant contends that revocation is not the solution for extreme mental illness. The focus of her argument is that because of her mental illness, Appellant did not understand her guilty plea, the plea was fundamentally unfair, and the circuit court erred in failing to grant her motion for CR 60.02 relief.

CR 60.02 states:

On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move

for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings, other than perjury or falsified evidence; (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (f) any other reason of an extraordinary nature justifying relief. The motion shall be made within a reasonable time, and on grounds (a), (b), and (c) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this rule does not affect the finality of a judgment or suspend its operation.

In *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983), the Kentucky Supreme Court set out the procedure for a post-conviction collateral attack on a judgment. It stated,

> [w]e hold that the proper procedure for a defendant aggrieved by a judgment in a criminal case is to directly appeal that judgment, stating every ground of error which it is reasonable to expect that he or his counsel is aware of when the appeal is taken.

> Next, we hold that a defendant is required to avail himself of RCr[3] 11.42 while in custody under sentence or on probation, parole or conditional discharge, as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding. The language of RCr 11.42 forecloses the defendant from raising any questions under CR 60.02 which are "issues that could reasonably have been presented" by RCr 11.42 proceedings.

---

[3] Kentucky Rules of Criminal Procedure.

*Id.* "CR 60.02 . . . may be utilized only in extraordinary situations when relief is not available on direct appeal or under RCr 11.42." *Foley v. Commonwealth*, 425 S.W.3d 880, 884 (Ky. 2014) (citation omitted).

In the matter before us, Appellant waived her right to direct appeal by entering a guilty plea, and she did not prosecute a collateral attack on the judgment via RCr 11.42. Those were the proper avenues to challenge her guilty plea. Per *Gross* and *Foley*, she is procedurally barred from seeking CR 60.02 relief.

*Arguendo*, even if CR 60.02 were the proper mechanism for attacking the judgment, we would find no error.

> The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970). There must be an affirmative showing in the record that the plea was intelligently and voluntarily made. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711, 23 L. Ed. 2d 274 (1969). However, "the validity of a guilty plea is determined not by reference to some magic incantation recited at the time it is taken but from the totality of the circumstances surrounding it." *Kotas v. Commonwealth*, Ky., 565 S.W.2d 445, 447 (1978), (citing *Brady v. United States*, 397 U.S. 742, 749, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970)).

*Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986).

Prior to Appellant entering the guilty plea, her counsel sought and received funding for an expert to evaluate Appellant's mental health issues and her

capacity to stand trial.  That expert found Appellant competent to understand the proceedings and to make decisions relating to the defense of the charges against her.  Defense counsel acknowledged this finding.  At the time of the plea, Appellant and the court entered into the traditional plea colloquy, after which the court found that Appellant understood the charges against her and the consequences of her plea.  Per *Sparks*, the totality of the circumstances surrounding the plea supports the circuit court's conclusion that Appellant's plea was knowingly, intelligently, and voluntarily made.  The record does not reveal "the most unusual and compelling circumstances" necessary to support CR 60.02, *Age*, *supra*, and the Hardin Circuit Court properly so found.  We find no abuse of discretion and thus no error.

## **CONCLUSION**

For the foregoing reasons, we affirm the order of the Hardin Circuit Court denying Appellant's motion for CR 60.02 relief.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jacquelyn "Jaye" Bryant-Hayes
Bailey Brown
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky