COMMONWEALTH of
Kentucky, Movant,

v.

Barney Houston CRAWFORD,
Respondent.

No. 88–SC–989–CL.

Supreme Court of Kentucky.

May 24, 1990.

Frederic J. Cowan, Atty. Gen., Frankfort, C. Lloyd Vest, II, Thomas B. Wine, Stephen D. Berry, Sp. Asst. Attys. Gen., for movant.

J. David Niehaus, Deputy Appellate Defender of the Jefferson District Public Defender, Louisville, Michael T. Rudicil, Jefferson District Public Defender's Office (Daniel T. Goyette, Jefferson District Public Defender, of counsel), for respondent.

GANT, Justice.

The respondent, Barney Houston Crawford, was indicted for robbery in the first degree and persistent felony offender in the second degree. During the penalty phase of the trial, after Crawford had been found guilty, he moved to suppress the evidence of the prior conviction, and a hearing was held on the motion.

The Commonwealth introduced three exhibits—viz., the judgment in the prior conviction and two AOC forms, captioned "Waiver of Further Proceedings with Petition to Enter Plea of Guilty," and "Certificate of Counsel." The "Waiver" had been filled in by the defendant and signed by him. It contained, in printed form, all the rights guaranteed under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), together with various other rights and statements. The "Certificate of Counsel" was signed by counsel, stating among other things that counsel had fully explained the indictment herein and that the waiver of rights entered by Crawford had been entered freely and voluntarily.

In addition to these exhibits, the Commonwealth presented to the court the video tape of the proceedings at the guilty plea of the prior conviction. This video tape clearly showed that the trial judge presented these signed forms to Crawford and asked if the waiver contained his signature, to which he answered that it did. The court then inquired if movant understood the waiver form, and Crawford again answered in the affirmative.

■ The question certified to us in this case is whether this procedure as above described is sufficient to satisfy the requirements of *Boykin, supra,* in waiving his federally guaranteed constitutional rights. We hold that this record is adequate to show that the petitioner intelligently and knowingly pleaded guilty. As this court stated in *Kotas v. Commonwealth*, Ky., 565 S.W.2d 445, 447 (1978) "... The validity of a guilty plea is determined not by reference to some magic incantation recited at the time it was taken but from the totality of the circumstances surrounding it."

No cases are cited requiring a judge to read from the bench a defendant's rights to a defendant who has already waived those rights by written waiver, has acknowledged his signature thereto, and has further acknowledged that he understood those rights.

The law is so certified.

All concur.