OPINION OF THE COURT BY CHIEF JUSTICE MINTON
*121 If the Commonwealth fails to object to a trial court's exercise of jurisdiction over a criminal defendant's motion for shock probation, it waives its ability to raise that issue on appeal. This is exactly what happened in this case. So we reverse the Court of Appeals holding and remand this case to that court to consider the issue it did not reach.
I. BACKGROUND.
The grand jury indicted Troy Martin on two counts of distribution of matter portraying a sexual performance by a minor and 20 counts of possession of matter portraying a sexual performance by a minor. Martin pleaded guilty to the charges, and on October 28, 2015, the trial court sentenced Martin to six years' imprisonment. Martin was taken into custody and began serving his sentence in the county jail. On March 4, 2016, Martin was transferred to the custody of the Department of Corrections.
On May 18, 2016, Martin filed a motion for shock probation. The trial court conducted a hearing on Martin's motion, in which Martin testified that the time he had already served in custody impressed upon him the seriousness of his crimes. He asked for shock probation, which the Commonwealth opposed. Importantly, the Commonwealth did not object to the trial court's exercise of jurisdiction over that motion.
The trial court eventually granted Martin's motion for shock probation but delayed his release by making probation effective on February 13, 2017. The Commonwealth appealed to the Court of Appeals the trial court's order granting shock probation. And it argued, for the first time, that the trial court was without jurisdiction to entertain Martin's motion.[1] The Court of Appeals reversed, agreeing with the Commonwealth's position. Martin sought discretionary review from this Court, which we granted.
II. ANALYSIS.
The crux of the dispute between the parties lies in whether the trial court had jurisdiction to act on Martin's motion for shock probation. Martin argues that the *122 Commonwealth never objected to the trial court's exercise of jurisdiction over his motion, which is one of two bases for the Commonwealth's appeal to the Court of Appeals.[2] The Commonwealth does not deny Martin's contention; rather, the Commonwealth argues that the issue of jurisdiction over a defendant's motion for shock probation is a sentencing issue that is always reviewable by an appellate court.[3]
Martin correctly identifies that the type of jurisdiction at issue in this case is particular-case jurisdiction. It is axiomatic that a circuit court has subject-matter jurisdiction over felony cases.[4] "Once a court has acquired subject-matter and personal jurisdiction, challenges to its later rulings and judgment are questions incident to the exercise of jurisdiction rather than to the existence of jurisdiction."[5] "A court's power to affect its own judgment [constitutes] jurisdiction over a particular case. Such questions go more accurately to the propriety of the exercise of jurisdiction rather than to the existence of jurisdiction."[6]
When the Commonwealth challenged in the Court of Appeals the trial court's grant of shock probation on the basis that the trial court lacked jurisdiction to do so, the Commonwealth was challenging the trial court's jurisdiction over the case. But the Commonwealth failed to present that challenge to the trial court. "[P]articular-case jurisdiction is subject to waiver."[7] Because the Commonwealth "did not raise th[is] jurisdictional issue until appeal[, the Commonwealth] waived any issue relating to particular-case jurisdiction."[8]
The Commonwealth tries to save its appeal by arguing that whether the trial court could review Martin's motion for shock probation constitutes a sentencing issue that is always reviewable on appeal.[9] With its argument, the Commonwealth has turned our sentencing-issue jurisprudence on its head. Former Justice Venters explained that our sentencing-issue jurisprudence stems from the concept that an "appellate court [has] inherent jurisdiction to correct an illegal sentence."[10] Our review of unpreserved "sentencing issues" is based on protection of the defendant from being subjected to an illegal sentence, "since all defendants have the right to be sentenced after due consideration of all applicable law,"[11] not as protection *123 for the Commonwealth against its failure to preserve an issue for appeal. Simply put, the Commonwealth cannot misconstrue statements this Court has made about the appealability of sentencing issues to save itself from its own failure.
The Court of Appeals should have declined to reach the Commonwealth's argument that the trial court did not have jurisdiction over Martin's motion. In failing to do so, the Court of Appeals failed to reach the Commonwealth's challenge to the trial court's imaginative use of shock probation by delaying Martin's release from custody from the Department of Corrections until eight months had elapsed after issuance of the shock-probation order. We are constrained to reverse the holding of the Court of Appeals, and we remand this case to that court to consider that issue.
III. CONCLUSION.
We reverse the Court of Appeals and remand this case to that court to consider the issue it did not reach.
Minton, C.J.; Buckingham, Hughes, Keller, VanMeter, and Wright, JJ., sitting. Minton, C.J.; Buckingham, Hughes, Keller, VanMeter, and Wright, JJ., concur. Lambert, J., not sitting.

The Commonwealth based its argument on KRS 439.265(1), which provides: "[A]ny Circuit Court may, upon motion of the defendant made not earlier than thirty (30) days nor later than one hundred eighty (180) days after the defendant has been incarcerated in a county jail following his conviction and sentencing pending delivery to the institution to which he has been sentenced, or delivered to the keeper of the institution to which he has been sentenced, suspend the further execution of the sentence and place the defendant on probation upon terms the court determines." The Commonwealth argued to the Court of Appeals and argues to this Court that Martin's motion was untimely filed because the clock for filing started running upon Martin's placement in the county jail. By the time Martin filed his motion on May 14, 2016, 204 days after Martin's incarceration in the county jail, the clock had run out, so the Commonwealth argues. But the Commonwealth failed to object to the trial court's exercise of jurisdiction in this way over Martin's shock-probation motion, effectively waiving this argument.

The Commonwealth challenged the trial court's order before the Court of Appeals on two bases: 1) the trial court did not have jurisdiction to act on Martin's motion; and 2) the trial court's order delaying the effectiveness of the grant of shock probation eight months after the issuance of its order was improper. The Court of Appeals did not reach the second challenge, as it ruled in favor of the Commonwealth on the first issue. On remand, the Court of Appeals should address the issue it did not reach.

We note that this is the first time in the entirety of this case that the Commonwealth has made this specific argument, as well.

Commonwealth v. Steadman, 411 S.W.3d 717, 723 (Ky. 2013).

Id. at 722 (internal citations omitted) (emphasis added).

Id. at 722-23.

Id. at 724.

Kelly v. Commonwealth, 554 S.W.3d 854, 861 (Ky. 2018).

Jones v. Commonwealth, 382 S.W.3d 22, 27 (Ky. 2011) (An appellate court has "inherent jurisdiction to cure ... sentencing errors.") (quoting Travis v. Commonwealth, 327 S.W.3d 456, 459 (Ky. 2010) ).

Jones v. Commonwealth, 382 S.W.3d 22, 27 (Ky. 2011).

Hughes v. Commonwealth, 875 S.W.2d 99, 100 (Ky. 1994).