RENDERED: APRIL 23, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0606-DG

TERVANDA TOBIN                                                                 APPELLANT

ON REVIEW FROM JEFFERSON CIRCUIT COURT
v.                         HONORABLE A.C. MCKAY CHAUVIN, JUDGE
ACTION NO. 14-XX-000066

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, JONES, AND KRAMER, JUDGES.

JONES, JUDGE: Tervanda Tobin seeks discretionary review of the Jefferson Circuit Court's opinion and order. The circuit court affirmed the district court's denial of Tobin's motion to withdraw her guilty plea, vacated the district court's order to revoke her conditionally discharged sentence, and remanded the matter to the district court for a new revocation hearing. Tobin sought our review of the circuit court's decision regarding the motion to withdraw her guilty plea. After

careful consideration, we reverse the circuit court's denial of the motion to withdraw the guilty plea and remand to district court for further proceedings.

## I. BACKGROUND

After being involved in a motor vehicle collision the previous month, Tobin appeared in Jefferson District Court on July 16, 2012, for arraignment on a charge of failure to maintain insurance. Pursuant to customary practice in Jefferson District Court, "the presiding district court judge overviewed the rights of a criminal defendant to those present in the courtroom before calling individual cases." (Appellant's Brief at 1.) The district judge informed the gathered defendants of their rights as follows: the right to remain silent; the right to an attorney; the right to a public defender, if the court determined a defendant could not afford an attorney; the right to trial by jury; the right to call witnesses; the right to confront witnesses; and the right to appeal an adverse decision of the court. Following this group colloquy, the district court called the individual cases on its docket, which included Tobin's arraignment. She appeared without counsel. The district court did not inquire as to whether she wanted an attorney, nor did it repeat any of the other elements of the group colloquy. The court continued Tobin's case after entering a plea of not guilty for her.

Less than two months later, Tobin appeared in district court to enter a guilty plea she had negotiated with the Commonwealth without the assistance of

-2-

counsel. As noted below, Tobin's guilty plea form does not appear in the record. Under the terms of the plea, Tobin agreed to the maximum term of ninety days' incarceration and a fine of $1,000.00, conditionally discharged for two years. As part of the conditions for her release, Tobin agreed to make restitution in the amount of $2,811.02, payable at the rate of $130.00 per month. The district court asked Tobin if she had enough time to examine the guilty plea form. She answered, "Yes." The district court then asked if Tobin had read and understood the plea form. Again, Tobin responded in the affirmative. The district court then asked how Tobin pleaded to the charge, and she replied, "Guilty." The district court accepted her plea and orally informed her of the conditionally discharged fine and sentence. The court then stressed that she must make her restitution payments in a timely fashion and that failing to do so would violate the terms of her plea.

Unfortunately, Tobin fell behind in her restitution payments within a few months of her sentence. At a hearing on January 29, 2013, the Commonwealth moved to revoke her conditional discharge. The district court continued the matter for another month and urged Tobin to make her restitution payments. In February, Tobin once more appeared before the district court. She informed the court that she had lost her job and was trying to find work, which is why she could not make the payments. The district court patiently explained that the restitution payments

were not optional and failing to make those payments would land her in jail. The district court continued the matter at least twice more. On April 26, 2013, the district court heard the Commonwealth's motion to revoke because Tobin was over $300.00 in arrears on her restitution. The district court asked Tobin if she had an attorney. She answered in the negative, pointing out that she "[had not] had an attorney the whole time [she had] been coming to court." The district court stated, "You might need an attorney, but right now it looks like you're probably going to jail for ninety days." This is the only time on the record in which Tobin and the district court spoke about the possibility of counsel in her case. After noting the absence of other violations on Tobin's record, the district court continued the case once more. On June 27, 2013, Tobin failed to appear for her hearing. The district court sentenced her *in absentia* to serve the ninety-day sentence and issued a warrant.

Over a year later, on October 27, 2014, Tobin was apprehended on the outstanding warrant and arraigned for resisting arrest the next day. For the first time, the district court appointed counsel for Tobin, and Tobin moved the circuit court to set aside her earlier guilty plea. As grounds for the motion, Tobin argued she did not understand she had the right to the services of a public defender due to her indigence. Furthermore, Tobin's motion asserted she had not knowingly,

intelligently, and voluntarily waived her right to counsel in the previous proceedings.

In a hearing on the motion, the district court ruled that Tobin gave a knowing and voluntary plea. The district court pointed out that Tobin should have heard about her right to an attorney when the judge recited it during the group colloquy. The district court acknowledged that the record does not indicate whether Tobin was in the courtroom during the group colloquy, but added that defendants are required to be present for it. The district court then ruled that Tobin was also aware of her right to an attorney because the standardized guilty plea form, which she signed, informed her of such.[1] Furthermore, the district court determined that the plea was not out of line with other, similarly situated

---

[1] Tobin's signed guilty plea form is not part of the record and appears to be lost, along with much of the district court's original file in this case. However, the video record shows Tobin's colloquy with the district court in which she acknowledged reading and signing the form. The standardized form motion to enter a guilty plea, currently designated AOC-491, lists a defendant's constitutional rights, in bold type, as follows:

> I further understand the Constitution guarantees to me the following rights:
> (a)  The right not to testify against myself;
> (b)  The right to a speedy and public trial by jury at which I would be represented by counsel and the Commonwealth would have to prove my guilt beyond a reasonable doubt;
> (c)  The right to confront and cross-examine all witnesses called to testify against me;
> (d)  The right to produce any evidence, including attendance of witnesses, in my favor;
> (e)  The right to appeal my case to a higher court.
>
> I understand that if I plead "GUILTY," I waive these rights.

defendants, and Tobin clearly understood the consequences of her repeated failures to pay restitution as required by her plea.

Tobin appealed the district court's ruling to Jefferson Circuit Court. After briefing and an oral argument held on March 4, 2015, the circuit court ruled that Tobin had waived her right to counsel by signing her guilty plea. The circuit court noted that, "like a Russian nesting doll," the guilty plea form contains explicit waivers of all other rights, including the right to counsel. The circuit court acknowledged that district court moves more quickly and differently than one accustomed to circuit court would expect. The circuit court also acknowledged that it would be better practice for a district court to recite a defendant's rights before accepting the plea. Ultimately, however, the circuit court held that the law only required the district court to ask a defendant entering a guilty plea whether he or she read the form and signed it.

After a significant delay caused by an apparent clerical error,[2] the circuit court entered its opinion and order on April 12, 2019. The circuit court's

---

[2] The circuit court explained the delay in a footnote:

> In the absence of an AOC-280 [Notice of Submission of Case for Final Adjudication], the matter has been "under submission" but unattended to since January of 2015. This blunder was only discovered by the Court shortly before it was brought to the Court's attention by counsel. The undersigned sincerely apologizes for any inconvenience and distress to the parties and counsel in consequence of this unprecedented but wholly unacceptable oversight.

-6-

order denied Tobin's motion to set aside her guilty plea but vacated the district court's order to revoke her conditionally discharged sentence, finding the revocation *in absentia* a violation of Tobin's right to due process. The circuit court then remanded the case to the district court for a new revocation hearing. We subsequently granted Tobin's petition for discretionary review.

## II. ANALYSIS

Tobin presents three arguments for our review. In the first, she argues the district court committed structural error by failing to ensure she waived her fundamental right to counsel. Upon review of the record, we agree that the record is devoid of any indication that Tobin waived her right to counsel during plea negotiations, a critical stage of the prosecution against her. Because we are required to reverse and remand on that basis, we need not consider Tobin's remaining arguments on appeal.

First, however, as a procedural matter, the Commonwealth urges us to affirm based on defects in Tobin's RCr[3] 11.42 motion, the vehicle by which she brought this matter before the circuit court. The Commonwealth asserts the motion was not signed or verified by the movant, as required by RCr 11.42(2), warranting a summary dismissal of her motion, and we should affirm the circuit court on those grounds alone. However, Tobin correctly points out that this argument, touching

---

[3] Kentucky Rules of Criminal Procedure.

upon particular case jurisdiction, was not raised in the circuit court and was thus waived. The Kentucky Supreme Court considered a similar question in a recent case:

> When the Commonwealth challenged in the Court of Appeals the trial court's grant of shock probation on the basis that the trial court lacked jurisdiction to do so, the Commonwealth was challenging the trial court's jurisdiction over the case. But the Commonwealth failed to present that challenge to the trial court. [P]articular-case jurisdiction is subject to waiver. Because the Commonwealth did not raise th[is] jurisdictional issue until appeal[, the Commonwealth] waived any issue relating to particular-case jurisdiction.

*Martin v. Commonwealth*, 576 S.W.3d 120, 122 (Ky. 2019) (citations and internal quotation marks omitted).

Turning to the substantial issue of Tobin's right to counsel, we begin by noting that the Sixth Amendment's right to counsel applies to matters occurring in district court when those matters could result in imprisonment—regardless of the length of the sentence. "It has been noted in *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972), that no person may be imprisoned for any offense whether it is classified in the traditional sense as felony, misdemeanor or petty, unless represented by counsel." *Lewis v. Lewis*, 875 S.W.2d 862, 865 (Ky. 1993). The right to counsel is not merely a trial right. "It is well-settled that a criminal defendant has a right to be represented by counsel that extends beyond the

actual trial to every critical stage of the proceedings." *Stone v. Commonwealth*, 217 S.W.3d 233, 237 (Ky. 2007) (citations omitted).

A plea negotiation is one such critical stage. The Kentucky Supreme Court has made it very clear that the Sixth Amendment's right to counsel is particularly important in the context of plea negotiations.

> It is axiomatic that the advice of counsel is vitally important to a criminal defendant's understanding of a guilty plea agreement. The decision to accept or reject a plea offer necessarily involves an analysis of the charges, the nature and admissibility of the Commonwealth's evidence, and an accurate assessment of the defendant's actual guilt. "[A]n intelligent assessment of the relative advantages of pleading guilty is frequently impossible without the assistance of an attorney."

*Id*. at 239 (quoting *Brady v. United States*, 397 U.S. 742, 748 n.6, 90 S. Ct. 1463, 1469, 25 L. Ed. 2d 747 (1970)). "[P]lea negotiations, guilty plea hearings, and sentencing hearings are all 'critical stages' at which the right to counsel attaches." *Id*. (citations omitted). The *Stone* Court ultimately held that "we are bound by the U.S. Supreme Court's very clear dictates that the complete denial of counsel at a critical stage is reversible error *per se*, not subject to harmless error review." *Id*. at 240 (citation omitted).

Of course, like any other constitutional right, a criminal defendant may waive his or her right to counsel. "Waiver of the right to counsel, as of constitutional rights in the criminal process generally, must be a 'knowing,

-9-

intelligent ac[t] done with sufficient awareness of the relevant circumstances.'"
*Iowa v. Tovar*, 541 U.S. 77, 81, 124 S. Ct. 1379, 1383, 158 L. Ed. 2d 209 (2004)
(quoting *Brady*, 397 U.S. at 748, 90 S. Ct. at 1469). "*Tovar* involves waiver of
counsel to enter a guilty plea[.]" *Depp v. Commonwealth*, 278 S.W.3d 615, 617
(Ky. 2009). Commenting on *Tovar*, the Kentucky Supreme Court stated, "While
what is required at different stages of the trial may vary, the Court clarified as to
the Sixth Amendment that the constitutional minimum for determining whether a
waiver was 'knowing and intelligent' is that the accused be made sufficiently
aware of his right to have counsel present and of the possible consequences of a
decision to forgo the aid of counsel." *Depp*, 278 S.W.3d at 618. Finally, it is
significant that no "magic words" are required to find a defendant has made a
"voluntary, knowing and intelligent" waiver; only a review of the record can verify
that such a waiver took place. *Id*. at 618-19.

The Commonwealth argues Tobin was fully informed of her right to
counsel when she was arraigned, when she executed her guilty plea form, and
when she entered her plea in open court. Although it is true that the district court's
group colloquy informed the gathered defendants of the right to counsel, there is
nothing in the record to indicate Tobin actually heard the district court's reading
and elected to waive her right to counsel at this stage. The record is silent on this
point. "Presuming waiver from a silent record is impermissible. The record must

-10-

show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S. Ct. 884, 890, 8 L. Ed. 2d 70 (1962).

Next, the Commonwealth argues Tobin was fully informed of her right to counsel when she executed her guilty plea form. As noted previously, Tobin's district court file disappeared at some point in the proceedings between district court and circuit court. Her signed guilty plea form is not part of the record, and there is nothing in the video record to suggest Tobin had the aid of counsel when she executed the guilty plea form or that she knowingly, voluntarily, and intelligently waived such counsel. The video record appears to indicate that Tobin was not advised by counsel when she negotiated the plea; Tobin's counsel on appeal argued to the circuit court that Tobin accepted the maximum penalty for the pleaded offense and that counsel would not have advised her to take that offer.

Finally, the Commonwealth argues Tobin was informed of her right to counsel when she entered the guilty plea in open court. This is critical, because this is the only evidence in the record regarding the circumstances of her plea. Here, the district court asked if Tobin had enough time to review the guilty plea, whether she read it and understood it, and whether she understood she would be giving up the right to a trial. Tobin answered all of these things in the affirmative.

-11-

Notably absent, however, was whether Tobin understood she had a right to an attorney. The missing guilty plea form, assuming it was identical to AOC-491, *does* contain language explicitly stating a criminal defendant has the right to counsel *during trial*. However, there is nothing in the video record, and nothing in the standardized form, which explicitly states that the defendant has the right to counsel when negotiating a guilty plea or that counsel was waived.

Indeed, the standardized guilty plea form, AOC-491, presumes the presence of an attorney during plea negotiations: "Comes the Defendant, in person *and with aid of counsel*, and respectfully moves this Court to allow him/her to withdraw his/her former plea of "NOT GUILTY" and enter a plea of "GUILTY" as set forth below. . . ." (Emphasis added.) There are multiple other references to counsel in the form, including a section at the bottom entitled "Certificate of Counsel," wherein the defendant's attorney can attest to his or her knowledge and belief (1) the defendant understands the allegations, and (2) the defendant knowingly, intelligently, and voluntarily pleads guilty. Based on the state of the record, we do not know what version of the guilty plea form Tobin may have signed. We do not know if an attorney explained the terms of the guilty plea to her. We do not know if Tobin signed any other forms, similarly lost, indicating she waived her right to counsel during plea negotiation. What we *do* know is that,

pursuant to *Carnley v. Cochran*, *supra*, we cannot presume waiver of the right to counsel from a silent record.

In holding the district court met its obligation to ensure Tobin's plea was knowing, intelligent, and voluntary, the circuit court relied on *Commonwealth v. Crawford*, 789 S.W.2d 779 (Ky. 1990). In *Crawford*, the Supreme Court held a waiver of *Boykin*[4] rights was sufficiently demonstrated when the defendant "has already waived those rights by written waiver, has acknowledged his signature thereto, and has further acknowledged that he understood those rights." *Crawford*, 789 S.W.2d at 780. However, the Supreme Court also pointed out that "[t]he validity of a guilty plea is determined not by reference to some magic incantation recited at the time it was taken but from the totality of the circumstances surrounding it." *Id*. (quoting *Kotas v. Commonwealth*, 565 S.W.2d 445, 447 (Ky. 1978)). The circumstances in *Crawford* bore significant dissimilarities to the facts of this case. In *Crawford*, the trial court had evidence, in the form of a signed "Certificate of Counsel," showing "that counsel had fully explained the indictment herein and that the waiver of rights entered by Crawford had been entered freely and voluntarily." *Id*. Here, the record gives no similar assurances. Without any indication that Tobin's constitutional right to counsel at a critical stage was

---

[4] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

-13-

protected, or that she gave a valid waiver of that right, we are forced to conclude that the district court erroneously accepted her guilty plea.

### III. CONCLUSION

For the foregoing reasons, we reverse the opinion and order of the Jefferson Circuit Court denying Tobin's motion to withdraw her guilty plea, and we remand this matter to district court for further proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Yvette DeLaGuardia
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Michael J. O'Connell
Jefferson County Attorney

David A. Sexton
Special Assistant Attorney General
Louisville, Kentucky