RENDERED: MAY 21, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0497-MR

SHAUN FRY                                                   APPELLANT

                          APPEAL FROM MCLEAN CIRCUIT COURT
v.                        HONORABLE BRIAN WIGGINS, JUDGE
                            ACTION NO. 14-CR-00008

COMMONWEALTH OF KENTUCKY                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND K. THOMPSON, JUDGES.

ACREE, JUDGE: Shaun Fry appeals the McLean Circuit Court's April 22, 2020

order revoking his probation. We affirm.

## BACKGROUND

On January 13, 2014, a grand jury indicted Fry on charges of second-

degree criminal possession of a forged instrument and being a first-degree

persistent felony offender. Following indictment, the Commonwealth made Fry an

offer for a plea of guilty, which Fry accepted. His sentence would be one to five years, enhanced to five to ten years to run consecutively with any pending change; however, the Commonwealth would not oppose any motion for shock probation after Fry served 150 days. The circuit court entered its final judgment to that effect on February 26, 2014.

On August 5, 2014, the circuit court entered an order granting Fry's motion for shock probation.[1] The order provided for Fry's immediate release and for him to be placed on probation for five years from the date of the release. Fry was not released until December 10, 2014.[2] Fry's probation officer conducted administrative supervision.

Things changed four years later when Fry was discovered to have used methamphetamine. In lieu of probation revocation, graduated sanctions were put in place and the level of Fry's probation supervision increased from administrative to moderate.

---

[1] The record on appeal does not include this motion. It is the appellant's responsibility to present a "complete record" before this Court on appeal. *Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 926 (Ky. 2007). Further, "[i]t has long been held that, when the complete record is not before the appellate court, that court must assume that the omitted record supports the decision of the trial court." *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985). Therefore, we must assume the circuit court's order was correct in all its pertinent representations.

[2] It is unknown why it took an additional five months to release Fry after issuance of the circuit court's order.

On June 4, 2019, Fry was arrested and charged with burglarizing his wife's apartment and assaulting her and her boyfriend.[3] The Commonwealth moved to revoke Fry's probation on June 24, 2019. The parties appeared before the circuit court July 22, 2019. By then, the complaining witnesses to the June 4, 2019 alleged felonies recanted and the Commonwealth declined to prosecute.

Fry admitted under oath that he violated his probation by using methamphetamines. Based on the totality of the evidence, Fry and the Commonwealth agreed to a graduated sanction in lieu of probation revocation. The court entered an order reflecting that agreement. Fry "agreed to serve sixty (60) days, complete an extended rehabilitation program without any violation, and extending his probation for one more year until August 7, 2020." (Fry's Motion to Dismiss, R. at 77). The court order is signed by the judge, Commonwealth, and Fry's attorney. Fry began rehab at the approved CenterPoint drug rehabilitation facility.

---

[3] The record reveals the scene of the alleged crimes was the residence of Fry's estranged wife. Police were called to the scene by Jacob Miller, who informed police that Fry "came to the residence and started a fight with his wife, Lauren Fry, and her boyfriend, Brandon Carter. . . . Officers then met Shaun Fry coming out of the front door, with blood on his person, and he was immediately detained." Fry's wife suffered "a cut to her left arm" and Carter had locked himself in the bedroom. After being Mirandized, Fry volunteered his version of events, that "he came to the residence to bring Lauren some rent money . . . discovered Lauren in bed with Brandon sitting up, using drugs. . . . [T]he two began to fight and he struck Brandon in the face with his fists. . . . Lauren then came into the bedroom with a large knife . . . swung at him with the knife and missed, but cut herself on the arm." (Record (R.) at 37).

On February 3, 2020, Fry's probation officer "was notified by CenterPoint staff that Mr. Fry was being terminated [from its rehabilitation program] for testing positive for Methamphetimines." (Violation of Supervision Report, R. at 68). The Commonwealth filed another motion to revoke Fry's probation. Fry responded by filing a motion to dismiss the Commonwealth's motion because the court order extending his probation was void *ab initio* for lack of jurisdiction. At the hearing, the court denied Fry's motion because Fry knowingly and voluntarily agreed, on the record, to an extension of probation. This appeal followed.

**STANDARD OF REVIEW**

Jurisdiction is a question of law, and our review is *de novo*. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 54 (Ky. 2011) (citing *Appalachian Regional Healthcare, Inc. v. Coleman*, 239 S.W.3d 49, 53-54 (Ky. 2007)). Furthermore, "[s]tatutory interpretation raises pure questions of law, so our review is de *novo*, meaning we afford no deference to the decisions below." *Department of Revenue, Finance and Admin. Cabinet v. Cox Interior, Inc.*, 400 S.W.3d 240, 242 (Ky. 2013) (citation omitted).

**ANALYSIS**

Fry argues the circuit court erred by: (1) entering the order of shock probation without jurisdiction; (2) imposing a probation term longer than five years

-4-

in violation of KRS[4] 533.020(4); and (3) revoking his probation after he successfully completed graduated sanctions. These arguments lack sufficient merit to disturb the circuit court's order.

Fry claims the circuit court's orders regarding his probation are void because the court was without jurisdiction when it originally placed him on shock probation. However, Fry waived this argument.

Recently, the Supreme Court of Kentucky held that jurisdiction for shock probation can be waived. *Martin v. Commonwealth*, 576 S.W.3d 120, 121 (Ky. 2019). This is because shock probation requires a court to have particular-case jurisdiction. "A court's power to affect its own judgment [constitutes] jurisdiction over a particular case. Such questions go more accurately to the propriety of the exercise of jurisdiction rather than to the existence of jurisdiction." *Commonwealth v. Steadman*, 411 S.W.3d 717, 722-23 (Ky. 2013).

In *Martin*, the Commonwealth appealed the trial court's grant of shock probation, arguing the trial court lacked jurisdiction to do so. But the Commonwealth failed to present that challenge to the trial court. The Supreme Court stated, "'[P]articular-case jurisdiction is subject to waiver.' Because the Commonwealth 'did not raise th[is] jurisdictional issue until appeal[, the Commonwealth] waived any issue relating to particular-case jurisdiction.'"

---

[4] Kentucky Revised Statutes.

*Martin*, 576 S.W.3d at 122 (quoting first *Steadman*, 411 S.W.3d at 724, and next *Kelly v. Commonwealth*, 554 S.W.3d 854, 861 (Ky. 2018)).

Fry failed to complain then that the circuit court lacked jurisdiction. Instead, he accepted and enjoyed the privilege of shock probation for almost the entirety of the probationary period. Only when his conduct led to the possibility of probation revocation did he raise the untimely jurisdiction question. Fry waived this objection to the circuit court's exercise of jurisdiction in his case.

Fry also contends the court's order extending probation is void for violating KRS 533.020(4)'s prohibition on probation longer than five years. We disagree; Fry waived this argument, as well. Although Fry is correct that KRS 533.020(4) does not permit a court to unilaterally impose upon a defendant a probationary period exceeding five years, nothing prevents a defendant's knowing and voluntary agreement to such an extended period. *Commonwealth v. Griffin*, 942 S.W.2d 289, 291 (Ky. 1997). That is what happened here – an arm's length negotiation leading to an agreement that benefitted Fry as much as anyone. We see nothing to distinguish Fry's argument from that made by the defendant in *Griffin*.

That brings us to Fry's last argument—that the court had no authority to extend his probation because he completed the graduated sanctions. Again, this argument has no merit. Fry acknowledged he violated the terms of his probation and agreed to serve 60 days in the Detention Center and extend his probation by

twelve months. He accepted those terms, continued probation, and did not take issue until he again was faced with probation being revoked.

Furthermore, the record contradicts Fry's allegation that he completed graduated sanctions. Quite to the contrary, his sanctions expressly included a drug rehabilitation program which the record shows he clearly failed to complete.

Our Supreme Court held in *Commonwealth v. Jennings*, 613 S.W.3d 14 (Ky. 2020), that accepting probation and failing to challenge the restrictions at the time it was imposed is fatal to a request for relief. Fry should have raised the issue at the time he agreed to his extended probation period.

## **CONCLUSION**

For the foregoing reasons, we affirm the McLean Circuit Court's orders regarding Fry's probation.

ALL CONCUR.

BRIEFS FOR APPELLANT:

John F. Bennett
Owensboro, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky