# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: DECEMBER 18, 2025
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0555-MR

RANDALL WALTRIP                                                                    APPELLANT

ON APPEAL FROM HANCOCK CIRCUIT COURT
V.          HONORABLE TIMOTHY R. COLEMAN, JUDGE
NO. 22-CR-00009

COMMONWEALTH OF KENTUCKY                                                APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Randall Waltrip entered a guilty plea to one count of first-degree rape pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970),[1] and received a total sentence of twenty years' imprisonment. He appeals to this Court as a matter of right.[2] Having carefully considered the law, record, and briefs, we affirm.

After Waltrip was indicted on two counts of first-degree rape, victim under twelve, four counts of first-degree sodomy, victim under twelve, and two counts of incest, victim under twelve, he reached an agreement with the Commonwealth to enter an *Alford* plea to one count of first-degree rape in

---

[1] Under *Alford*, a defendant pleads guilty and acknowledges the sufficiency of the evidence to convict but maintains his or her innocence.

[2] KY. CONST. § 110(2)(b).

exchange for the dismissal of the remaining charges and a sentence recommendation of twenty years' imprisonment with the requirements that Waltrip serve 85% of his sentence before being parole eligible, register as a lifetime sex offender, and complete sex offender treatment. The basis of the rape allegation was that Waltrip inserted a toy cucumber into his three-year-old daughter's vagina.

On March 22, 2024, the trial court accepted Waltrip's plea during a group colloquy with four other defendants. On May 15, 2024, prior to final sentencing, Waltrip, *pro se*, filed a handwritten motion to withdraw his guilty plea. In support of his request, Waltrip alleged that he did not have his medication at the time of the plea; his counsel did not fully and accurately inform him of the evidence against him and consequences of his plea; counsel "pressured" him to take the plea and ignored his desire to try the case; and counsel otherwise failed to adequately represent his interests. On the original sentencing date, May 24, 2024, the trial court permitted Waltrip's counsel to withdraw, appointed Waltrip a public defender, and rescheduled the final sentencing.

On June 17, 2024, Waltrip appeared before the trial court with newly retained private counsel who requested additional time to review discovery and advise Waltrip on his desire to withdraw his guilty plea. The trial court granted the request. On August 30, 2024, Waltrip, through counsel, filed a motion to withdraw his guilty plea on the grounds the plea was involuntary. Following an evidentiary hearing at which Waltrip testified, the trial court denied the

motion and proceeded to sentence Waltrip in accordance with the terms of the original plea agreement. This appeal followed.

Waltrip first argues the trial court erred by denying his motion to withdraw his guilty plea because the group colloquy was insufficient to establish a knowing, intelligent, and voluntary waiver of his right to trial. He claims this argument was properly preserved by "[m]otion, argument, and ruling" but his statement of preservation does not contain a "reference to the record" as required by RAP[3] 32(A)(4).

We have reviewed the record and conclude this issue was not properly preserved. While Waltrip mentioned the occurrence of the group colloquy in his motion to withdraw, the crux of the error claimed before the trial court involved the alleged deficiencies of counsel. However, Waltrip has alternatively requested palpable error review.

RCr[4] 10.26 authorizes an appellate court to review an unpreserved error as follows:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

A palpable error is "easily perceptible, plain, obvious, and readily noticeable." *Brewer v. Commonwealth*, 206 S.W.3d 343, 349 (Ky. 2006). To demonstrate manifest injustice, a party must show the "probability of a

---

[3] Kentucky Rules of Appellate Procedure.

[4] Kentucky Rules of Criminal Procedure.

different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). In other words, a palpable error occurs where "the defect in the proceeding was shocking or jurisprudentially intolerable." *Id.* at 4.

Under *Boykin v. Alabama*, 395 U.S. 238, 242 (1969), due process requires an affirmative showing that a guilty plea was knowing, intelligent, voluntary. In addition, RCr 8.10 provides, in part, that "[a]t any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." "Though an RCr 8.10 motion is generally within the sound discretion of the trial court, a defendant is entitled to a hearing on such a motion whenever it is alleged that the plea was entered involuntarily." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006) (citing *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002)).

"If a guilty plea is found to have been entered involuntarily, considering the totality of the circumstances, a trial court must grant a defendant's motion to withdraw the plea." *Id.* (citing *Rodriguez*, 87 S.W.3d at 10). "This inquiry is inherently fact-sensitive, thus this Court reviews such a determination for clear error, i.e., whether the determination was supported by substantial evidence. *Id.* (citing *Rodriguez*, 87 S.W.3d at 10–11). In *Edmonds*, we further explained:

> A guilty plea is involuntary if the defendant lacked full awareness of the direct consequences of the plea or relied on a misrepresentation by the Commonwealth or the trial court. A guilty plea is intelligent if a defendant is advised by competent counsel regarding the consequences of entering a guilty plea, including the constitutional rights that are waived thereby, is

4

informed of the nature of the charge against him, and is competent at the time the plea is entered.

*Id.* (internal citations omitted).

While the conduct of a plea colloquy with multiple defendants is not preferred under Kentucky law, the use of such a procedure does not automatically render a defendant's plea involuntary. *Rigdon v. Commonwealth*, 144 S.W.3d 283, 289 (Ky. App. 2004). However, at a minimum, there must be an assurance that "each defendant is represented by counsel, the number of defendants involved is not so great as to make individual understanding unlikely, and each defendant is addressed individually to establish on the record his understanding of his rights, the charges against him, and the implications of a guilty plea, as well as his intent to enter a guilty plea." *Id.* (citing *State v. Neal*, 810 S.W.2d 131, 138 (Tenn. 1991)).

Here, Waltrip's plea colloquy was conducted with four other defendants in unrelated cases. However, we discern no basis for Waltrip's claim that confusion resulted from the total number of defendants present and the differential treatment and questioning he received relative to the other defendants. On the contrary, the trial court's focus on the particular and unique aspects of Waltrip's case supports a conclusion that the procedure utilized trial court did not amount to prejudice under *Rigdon*.

Waltrip also argues that his counsel was not fully available to him at the hearing because counsel simultaneously represented another defendant. Our review of the record indicates that Waltrip's attorney was standing directly

5

behind him during the entirety of the proceedings.  The trial court afforded Waltrip the opportunity to confer with him if necessary.  Waltrip affirmatively stated that he did not need to confer with his attorney further.  Under the circumstances, we cannot conclude that Waltrip was deprived of the right to counsel.

Waltrip next contends his lack of education and mental state exacerbated the potential for confusion at the hearing.  After the trial court inquired into his level of education, Waltrip responded he was a "high school drop out."  The trial court then asked each defendant individually if he or she could read and understand the plea documents each had tendered to the court.  Waltrip responded in the affirmative.  In addition, the trial court inquired into Waltrip's mental condition and he denied having ever suffered from any mental illness or defect.  Waltrip further stated that his judgment was not impaired in any way.

Moreover, Waltrip explicitly affirmed he understood the terms of his plea agreement and was pleading guilty freely and voluntarily.  He also stated he understood the specific constitutional rights he was waiving by pleading guilty.  Waltrip acknowledged having discussed the nature of the charges against him with his attorney; having reviewed the evidence against him; and having been fully informed about the facts of his case.  He indicated his satisfaction with the advice of counsel, and stated he did not need any more time to discuss the case with his attorney before entering the plea.  Waltrip affirmed he understood that he did not have to plead guilty and confirmed he was pleading guilty

because he believed the Commonwealth had sufficient evidence for a jury to find him guilty beyond a reasonable doubt.

In *Commonwealth v. Crawford*, 789 S.W.2d 779, 780 (Ky. 1990), this Court held the voluntariness of a guilty plea was sufficiently demonstrated when the defendant "has already waived [his or her] rights by written waiver, has acknowledged his [or her] signature thereto, and has further acknowledged that he [or she] understood those rights." Again, we are cognizant that "[t]he validity of a guilty plea is determined not by reference to some magic incantation recited at the time it was taken but from the totality of the circumstances surrounding it." *Id.* (quoting *Kotas v. Commonwealth*, 565 S.W.2d 445, 447 (Ky. 1978)). However, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Based on our review of the record, we conclude the trial court conducted a sufficient plea colloquy consistent with the requirements of *Boykin*. Moreover, the finding that Waltrip's plea was voluntary was supported by substantial evidence. Waltrip's subsequent, self-serving testimony, without more, is insufficient to overcome the strong presumption of verity accorded to his sworn statements at the plea colloquy. *Edmonds*, 189 S.W.3d at 569. Thus, we perceive no error, much less, palpable error in connection with the taking of Waltrip's plea.

7

Next, Waltrip argues his plea was rendered involuntary as a result of ineffective assistance of counsel. We disagree.

"A criminal defendant may demonstrate that his guilty plea was involuntary by showing that it was the result of ineffective assistance of counsel." *Rigdon*, 144 S.W.3d at 288. As such, a guilty plea may be attacked on the grounds that the defendant's attorney was ineffective. *Rodriguez*, 87 S.W.3d at 10. In order to demonstrate ineffective assistance of counsel, a defendant must demonstrate: "(1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial." *Bronk v. Commonwealth*, 58 S.W.3d 482, 486–87 (Ky. 2001).

Waltrip was indicted on eight Class A felonies and was facing a potential life sentence. An attorney is not constitutionally ineffective for merely advising a client to plead guilty in order to receive a lesser sentence. *Commonwealth v. Campbell*, 415 S.W.2d 614, 616 (Ky. 1967). Thus, Waltrip's attorney did not fall below an objective standard of reasonableness based solely on his advising Waltrip to plead guilty in light of the Commonwealth's offer to dismiss several charges and, especially, in light of the fact that Waltrip had already made incriminating statements to the police.

8

Contrary to Waltrip's insistence otherwise, we do not read his statement to police as a steadfast denial of guilt. He admitted to tickling the inner thighs of his three-year old child to the extent of causing bruises. He also stated "[w]hen I tickled her . . . between her legs, she did say ouch a couple times, and I stopped." He claimed that any possible sexual touching of the child was "by accident" and agreed that a toy cucumber could have "slipped" and poked the child in the vagina. Waltrip explained, "I don't remember, but it was . . . we were probably both excited playing together and, you know, it probably happened." He further described the situation as follows, "[s]he was in her underwear, and I poked, like, I thought it poked her leg, so well, then she laughed. So, like, I thought it was, you know, like, oh, I can make, you know, it was, like, a playground." At another point during the interview, Waltrip conditioned a denial of guilt with the statement that "[u]nless it, like, slipped up her leg, which I don't remember." In addition to the evidence of Waltrip's statement, the Commonwealth was prepared to present expert testimony and medical proof to substantiate the child's injuries.

Waltrip faults trial counsel for a lack of investigation and preparation for trial. However, the record reflects that counsel sought and obtained discovery. Counsel challenged the competency of the child victim to testify and further objected the Commonwealth's motion to have the child testify outside of Waltrip's physical presence. Notably, Waltrip did not call trial counsel to testify and his speculation as to what else trial counsel might have done to investigate and prepare for trial does not demonstrate counsel made errors so serious that

9

he was deficient in his performance. "An ineffective assistance of counsel claim cannot be based upon mere speculation." *Rigdon*, 144 S.W.3d at 291.

In addition, Waltrip's claim he was rushed and pressured into pleading guilty is belied by his statements under oath at the plea colloquy. Waltrip stated he understood the terms of his plea agreement; he had had all the time he needed to speak with his attorney; he understood he did not have to plead guilty that day; and he was pleading guilty freely and voluntarily. We have no reason to second-guess the trial court's rejection of Waltrip's subsequent statements contradicting his prior sworn testimony.

Moreover, we perceive no merit in Waltrip's claim that his original counsel was ineffective for refusing to file the motion to withdraw the plea. "The decision to seek to withdraw a guilty plea is not merely trial strategy, and cannot be made by counsel." *Commonwealth v. Tigue*, 459 S.W.3d 372, 386 (Ky. 2015). "If a defendant has entered a guilty plea and, before entry of final judgment, desires to seek to withdraw that plea, whether because it was allegedly entered in error, under duress, or other reason, he is entitled to the assistance of counsel in making such a request." *Id.* However, because of the strong potential for a conflict of interest, "the trial court should be wary when the same defense counsel who represented the defendant in the plea process then represents the defendant in the plea withdrawal process." *Marks v. Commonwealth*, 555 S.W.3d 462, 467 (Ky. App. 2018).

Here, Waltrip's counsel stated on the record he did not believe he could ethically file the motion to withdraw Waltrip's guilty plea. The trial court

10

properly allowed counsel to withdraw and appointed a public defender to represent Waltrip. Waltrip later retained private counsel who filed the motion to withdraw his plea and represented him at the evidentiary hearing. On these facts, we perceive no violation of our decision in *Tigue* and fail to discern any possible prejudice to Waltrip.

Based on the totality of the circumstances, we conclude the trial court properly denied Waltrip's motion to withdraw his guilty plea. The finding of voluntariness was supported by substantial evidence of record. Further, Waltrip has failed to demonstrate that counsel's performance was constitutionally deficient or that he suffered any prejudice from the alleged errors of counsel.

Accordingly, the judgment of the Hancock Circuit Court is affirmed.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Sean T. Pharr
Pharr Law Group PLLC

COUNSEL FOR APPELLEE:

Russell M. Coleman
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General