**Lester Joe Bradley WAGNER, Jr., Appellant**

v.

**COMMONWEALTH of Kentucky Appellee**

**NO. 2013–CA–000515–MR**

Court of Appeals of Kentucky.

RENDERED: JULY 10, 2015; 10:00 A.M.

Discretionary Review Denied by Supreme Court March 9, 2016

BRIEFS FOR APPELLANT: Margaret Anne Ivie, Meredith Krause, Assistant Public Advocates, Frankfort, Kentucky

BRIEF FOR APPELLEE: Jack Conway, Attorney General, Susan Roncarti Lenz, Assistant Attorney General, Frankfort, Kentucky

BEFORE: ACREE, CHIEF JUDGE; CLAYTON AND KRAMER, JUDGES.

## OPINION

ACREE, CHIEF JUDGE:

Lester Joe Bradley Wagner appeals from the March 5, 2013 order of the Bell Circuit Court. That order denied Wagner's motion for Kentucky Rules of Criminal Procedure (RCr) 11.42 relief due to alleged ineffective assistance of trial counsel. In its order denying, the trial court concluded that Wagner's hybrid representation at trial barred him from asserting a post-trial claim of ineffective assistance of counsel. Because we hold that this legal conclusion is incorrect as a matter of law, we reverse and remand.

On August 13, 2008, Wagner was indicted for alcohol intoxication, disorderly conduct, possession of drug paraphernalia, second-degree possession of a controlled substance, third-degree possession of a controlled substance, possession of marijuana, and being a second-degree persistent felony offender (PFO). The Commonwealth dismissed four of the charges. Wagner was then appointed counsel and elected to proceed to trial on the remaining charges.

Prior to his trial, Wagner filed a *pro se* motion for a *Faretta* hearing. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Wagner next filed a supplement to his motion for a *Faretta* hearing, in which he sought a limited waiver of his right to assistance of counsel and an opportunity to jointly represent himself alongside his appointed counsel. Therein, Wagner identified the specific tasks and duties that he desired of his appointed counsel. The trial court, after conducting the *Faretta* hearing, granted Wagner's motion in an order entered on April 20, 2009, thereby adopting the distribution of duties proposed by Wagner.

A jury trial was held on June 9, 2009. Wagner was found guilty of possession of drug paraphernalia and second-degree possession of a controlled substance. He was sentenced to five years on each charge, with the second sentence enhanced to ten years due to his status as a second-degree PFO. The trial court ordered the sentences to run concurrently for a total sentence of ten years.

On August 21, 2012, Wagner filed an RCr 11.42 motion to vacate his judgment due to ineffective assistance of counsel. Specifically, he alleged that his trial counsel failed to subpoena requested witnesses, failed to challenge an incorrect final judgment, failed to request a continuance, failed to inform him of the correct lesser-included offenses, and failed to challenge a juror. In a detailed order entered on March 5, 2013, the trial court denied Wag-

ner's motion. The trial court concluded that Wagner's decision to pursue hybrid representation eliminated any right he had to later assert a post-conviction claim of ineffective assistance, of counsel. This appeal followed.

■ Wagner's first argument on appeal is that, following a hybrid-representation configuration, he is entitled to assert an allegation of ineffective assistance of counsel to those portions of his defense over which his trial counsel exercised exclusive control. This is a matter of first impression in Kentucky. Having reviewed the record and the applicable law, we agree with Wagner.

■ Claims of ineffective assistance of counsel involve "mixed questions of law and fact." *Commonwealth v. Robertson*, 431 S.W.3d 430, 435 (Ky.App.2013). While we owe deference "to the determination of facts and credibility made by the trial court[,]" we look "*de novo* at counsel's performance and any potential deficiency caused by counsel's performance." *Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky.2008). Points and questions of law are always reviewed *de novo. See id.*

■ To succeed on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "First, the defendant must show that counsel's performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. at 2064.

■ A criminal defendant has the constitutional right: (1) to be represented by counsel; or (2) to represent himself *pro se. Deno v. Commonwealth*, 177 S.W.3d 753, 758 (Ky.2005); *King v. Commonwealth*, 374 S.W.3d 281, 290 (Ky.2012); *Wake v. Barker*, 514 S.W.2d 692, 696 (Ky.1974);

U.S. Const. Amend. VI; Ky. Const. 11. Kentucky recognizes a third option: the right to hybrid representation. *Deno*, 177 S.W.3d at 758.

■ In a hybrid-representation scenario, the defendant makes a limited waiver of counsel; identifies specific, enumerated duties appointed counsel is to perform; and proceeds as a form of co-counsel. *Wake*, 514 S.W.2d at 696. While disfavored in many jurisdictions, Kentucky has held that, while not guaranteed by the U.S. Constitution, hybrid representation is protected by the Kentucky Constitution provided it is timely and unequivocally requested. *Swan v. Commonwealth*, 384 S.W.3d 77, 93 (Ky.2012); *Deno*, 177 S.W.3d at 758. Once a defendant has elected hybrid representation, the attorney's duties are confined to those services identified by the defendant, so long as they are within the normal scope of services permitted and expected by counsel. *Deno*, 177 S.W.3d at 757.

■ In the case before us, Wagner's motion to proceed under hybrid representation was accompanied by a clear delineation of duties. Trial counsel's duties included: giving the opening statement; conducting direct and cross-examination of witnesses; objecting to testimony; subpoenaing witnesses; obtaining copies of prescriptions; conducting the PFO portion of the trial; requesting directed verdicts; and filing post-trial motions and a notice of appeal. These duties were adopted in whole by the trial court, which effectively transformed them into a court order. While Wagner may not be entitled to dictate every nuance of those duties, he is nonetheless still entitled to representation which meets an "objective standard of reasonableness." *Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky.2008) (citation omitted). Stated another way, trial coun-

sel is obligated to provide reasonably effective representation as to those duties specifically and unequivocally assigned to him or her. *See generally McQueen v. Commonwealth*, 949 S.W.2d 70, 71 (Ky. 1997) (a criminal defendant is entitled to "reasonably effective assistance" of counsel). A blanket denial of Wagner's right to challenge this representation leaves wholly unanswered whether trial counsel satisfied this standard. Indeed, such a denial would grant hybrid counsel complete autonomy to disregard any duty whatsoever to defendants.

The trial court herein determined that, because Wagner lacks a federal right to hybrid representation, he therefore did not have a right to assert claims of ineffective assistance of counsel under such representation. We disagree. As we have already indicated, hybrid representation, when pursued in a procedurally proper manner, is recognized as a constitutionally protected form of representation in this Commonwealth. *Deno*, 177 S.W.3d 753. The Supreme Court of Kentucky has foreseen, and commented on, the potential difficulties that may arise in a hybrid-representation situation. In particular, the Court noted:

> We recognize that such kinds of limitations on an attorney's function may create situations in which it will be necessary or desirable that a record be made to guard against future claims of ineffective assistance of counsel in regard to what advice was sought and what was given, but we do not believe that this would constitute an insurmountable obstacle.

*Wake*, 514 S.W.2d at 696. This language is a clear indication that hybrid representation permits ineffective assistance of counsel claims as they pertain solely to those duties assigned and undertaken by trial counsel. If such claims were altogether barred by hybrid representation, the Supreme Court's statement would be meaningless. In addition, it would be inherently unjust to order counsel to proceed under hybrid representation, but not enforce those orders. Thus, we find that a defendant who exercises hybrid representation is entitled to assert a claim of ineffective assistance of counsel, but only with regard to those portions of representation which were explicitly undertaken by trial counsel. Accordingly, we reverse the trial court's conclusion that Wagner's decision to invoke hybrid representation barred all future allegations of ineffective assistance of counsel.

Wagner's second, and final, contention on appeal is that he received ineffective assistance of counsel for the reasons articulated in his RCr 11.42 motion. Finding all claims of ineffective assistance barred, the trial court never reached the substance of Wagner's arguments. Accordingly, there is no decision related to Wagner's allegations of ineffective assistance ripe for our review. On remand, we direct to circuit court to consider Wagner's claims of ineffective assistance of counsel. This opinion shall not be construed as in any way dictating the outcome of that review.

For the foregoing reasons, the March 5, 2013 order of the Bell Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

ALL CONCUR.