RENDERED: APRIL 29, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0768-MR

ANTHONY WAYNE FAGAN                                      APPELLANT

v.            APPEAL FROM MCCRACKEN CIRCUIT COURT
             HONORABLE TIMOTHY KALTENBACH, JUDGE
             ACTION NO. 18-CR-00409

COMMONWEALTH OF KENTUCKY                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, CETRULO, AND MAZE, JUDGES.

CALDWELL, JUDGE: Anthony Fagan, *pro se*, appeals the trial court's denial of

his RCr[1] 11.42 motion for a new trial. Having reviewed the briefs, the record, and

the trial court order, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## FACTS

On April 17, 2018, the Paducah Police Department executed a search warrant for Appellant Fagan's residence. During the search, a large amount of methamphetamine was seized, and Fagan was charged with trafficking in a controlled substance in the first-degree, greater than two grams of methamphetamine, second or subsequent offense. Following a *Faretta*[2] hearing, Fagan represented himself at trial with the assistance of standby counsel.[3] He was found guilty of that charge by a jury and was sentenced to fifteen years' imprisonment.

Fagan appealed his conviction and his conviction was affirmed by this Court in *Fagan v. Commonwealth*, No. 2019-CA-000471-MR, 2020 WL 1898394 (Ky. App. Apr. 17, 2020), in April of 2020. Discretionary review of that opinion was denied by the Kentucky Supreme Court.[4] Fagan then filed a motion pursuant to RCr 11.42, seeking a new trial alleging ineffective assistance of trial and

---

[2] *Faretta v. California*, 422 U.S. 806, 810, 95 S. Ct. 2525, 2529, 45 L. Ed. 2d 562 (1975).

[3] "*Standby counsel* is defined as '[a]n attorney who is appointed to be prepared to represent a pro se criminal defendant if the defendant's self-representation ends. [] The standby counsel may also provide some advice and guidance to the defendant during the self-representation.'" *Allen v. Commonwealth*, 410 S.W.3d 125, 138 (Ky. 2013) (citations omitted).

[4] *Fagan v. Commonwealth*, No. 2020-SC-0203-D.

appellate counsel. That motion was denied by the McCracken Circuit Court and he now appeals.

## STANDARD OF REVIEW

A denial of an RCr 11.42 motion is reviewed on appeal for an abuse of the trial court's discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). Abuse of discretion has been defined as occurring when the trial court enters an order or makes a ruling which is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

> To succeed on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S. Ct. at 2064.

*Wagner v. Commonwealth*, 483 S.W.3d 381, 383 (Ky. App. 2015).

Reviewing courts must presume that the assistance offered by counsel "falls within the wide range of reasonable professional assistance[.]" *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. With this in mind, we review Fagan's allegations.

The trial court did not hold a hearing into Fagan's complaints concerning counsel, finding they were refuted by the record. Fagan does not allege on appeal that the failure to hold a hearing was error.

> A trial court must hold an evidentiary hearing on an RCr 11.42 motion "only when there is 'a material issue of fact that cannot be determined on the face of the record.'" [*Commonwealth v. Searight*, 423 S.W.3d 266, 228 (Ky. 2014),] (quoting RCr 11.42(5) (other citation omitted)). A court may "summarily" deny "motions asserting claims refuted or otherwise resolved by the record." *Commonwealth v. Pridham*, 394 S.W.3d 867, 874 (Ky. 2012). Also, no hearing is required if "the allegations, even if true, would not be sufficient to invalidate [the] convictions." *Searight*, 423 S.W.3d at 228 (internal quotation marks and citation omitted).

*Fowler v. Commonwealth*, 634 S.W.3d 605, 609 (Ky. App. 2021).

As Fagan does not complain about the lack of a hearing, and the order of the trial court denying the relief establishes that a hearing was not required due to the allegations being refuted by the record, we find that a hearing was not required and the trial court did not abuse its discretion in so finding.

Fagan spends most of his brief finding fault with the Paducah police officer who obtained the search warrant, alleging that the officer falsified the affidavit filed to obtain the warrant. Of course, none of those allegations are relevant in an RCr 11.42 motion, and further, as the Commonwealth points out, have previously been litigated on direct appeal. "'Law of the case' refers to a handful of related rules giving substance to the general principle that a court

-4-

addressing later phases of a lawsuit should not reopen questions decided by that court or by a higher court during earlier phases of the litigation." *Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010).

Fagan does allege that trial counsel failed to adequately investigate the validity of the factual allegations contained in the affidavit in support of the issuance of the search warrant. However, Fagan acted as his own counsel at his trial and was appointed only "standby" counsel.

> As the U.S. Supreme Court has stated, "whatever else may or may not be open to him on appeal, a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'" *Faretta*, 422 U.S. at 834 n.46, 95 S. Ct. 2525.

*Depp v. Commonwealth*, 278 S.W.3d 615, 620 (Ky. 2009).

In a hybrid representation situation, as we have here, it is only when there has been a clear outlining of separate responsibilities between the *pro se* accused and his standby or assistance counsel that the accused may maintain a colorable argument for a finding of ineffectiveness.

> [T]rial counsel is obligated to provide reasonably effective representation as to those duties specifically and unequivocally assigned to him or her. *See generally McQueen v. Commonwealth*, 949 S.W.2d 70, 71 (Ky.1997) (a criminal defendant is entitled to "reasonably effective assistance" of counsel). A blanket denial of Wagner's right to challenge this representation leaves wholly unanswered whether trial counsel satisfied this standard. Indeed, such a denial would grant hybrid

-5-

counsel complete autonomy to disregard any duty whatsoever to defendants.

*Wagner*, 483 S.W.3d at 383-84.

When a litigant is alleging ineffective assistance of hybrid counsel, he or she must be specific to the duties of hybrid counsel where he believes the performance fell below the acceptable standard of representation. While Fagan alleges that standby counsel failed to investigate his claims that the police officer was not truthful in the allegations made in the search warrant affidavit, he does not establish that such investigation was the purview of standby counsel, rather than a task reserved for his own performance. The motion to suppress was filed by Fagan *pro se* and Fagan also filed a motion for "co-council" (sic). Nothing in Fagan's brief and nothing in the record delineates the duties between Fagan and his standby counsel. Absent such allegation, we cannot say that the trial court was incorrect in finding that Fagan failed to meet his burden; it was not made clear that the matters of which he complains were even matters to which hybrid counsel was to attend.

Fagan also alleges that appellate counsel was ineffective for failing to raise on appeal an issue of scientific evidence pertaining to the controlled substance seized in his residence. Two large portions of alleged methamphetamine, each similar in appearance to the other, were seized during the execution of the search warrant. However, the state police crime laboratory only conducted scientific testing on a part of one of the portions, which testing revealed

the portion contained methamphetamine. Fagan alleges that appellate counsel should have argued that the fact the other portion was not tested in any way was error and that he should have been convicted only of trafficking in a lesser amount of methamphetamine as a result.

First, Fagan was charged with trafficking in more than two grams of methamphetamine. Each portion seized from his residence weighed more than twenty (20) grams. Thus, testing of only one of the portions was more than sufficient for the finding. *See Taylor v. Commonwealth*, 984 S.W.2d 482, 484 (Ky. App. 1998) (holding that testing a portion of contraband found at the same time and in the same location is sufficient evidence that all of the substance seized was of the same character). Appellate counsel was not ineffective for not raising this issue.

## CONCLUSION

Having reviewed the order of the trial court, the briefs of the parties, and the record below, we find that the trial court did not abuse its discretion in denying the motion for a new trial pursuant to RCr 11.42. We affirm the trial court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Anthony Wayne Fagan, *pro se*
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky