RENDERED:  APRIL 21, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0220-MR

JOSEPH WILLIAMS                                 APPELLANT


|  | APPEAL FROM CHRISTIAN CIRCUIT COURT |
|---|---|
| v. | HONORABLE JOHN L. ATKINS, JUDGE |
|  | ACTION NO. 14-CR-00388 |


COMMONWEALTH OF KENTUCKY                      APPELLEE


AND


NO. 2022-CA-0223-MR

JOSEPH WILLIAMS                                 APPELLANT


|  | APPEAL FROM CHRISTIAN CIRCUIT COURT |
|---|---|
| v. | HONORABLE JOHN L. ATKINS, JUDGE |
|  | ACTION NO. 15-CR-00092 |


COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND ECKERLE, JUDGES.

CETRULO, JUDGE: This is a consolidated appeal by Joseph Williams, *pro se*, ("Williams") from the denial of his Rule of Criminal Procedure ("RCr") 11.42 motion claiming ineffective assistance of counsel. Having reviewed the briefs, the record, and the trial court order, we affirm.

**FACTS**

On April 7, 2015, Williams was found guilty of first-degree assault and being a first-degree persistent felony offender. He was sentenced to 40 years of incarceration, which sentence he appealed to the Kentucky Supreme Court. In *Williams v. Commonwealth*, No. 2015-SC-0370, 2017 WL 634766, *1 (Ky. Feb. 16, 2017), the Supreme Court set forth the following summary of the facts:

> Appellant and Stephanie Wells lived together, enduring for twenty years a tumultuous relationship that included having a seventeen-year-old son. According to Wells' testimony, the couple had a disagreement at home that escalated to the point of violence. Wells testified that Appellant beat her with his fist, striking her in the eye and on the back of her head. She also testified that he kicked her shoulder and the side of her face with his foot, and then left the residence. Conscious of her need for medical attention, Wells sent a text message to Appellant asking for his help. He returned to the residence, but instead of coming to her aid, Appellant resumed his

-2-

assault on Wells, hitting her again, causing her to fall and strike the back of her head. While she was on the ground, Appellant stomped on her face with his foot. Eventually, Wells managed to call 911. She told the 911 operator that her injuries occurred when she fell on her porch steps. Paramedics found her lying unconscious and unresponsive on the porch; they called the police.

Appellant denied assaulting Wells. A neighbor who was drunk at the time of the alleged assault told the police that he saw Wells fall off the porch.

Wells' injuries included an epidural hematoma, which required brain surgery and treatment by neurologists and other brain specialists. The emergency room physician who examined Wells had served as a military physician and had experience dealing with head trauma. He testified that it was not likely that a fall down the porch steps onto concrete caused the hematoma. Instead, he opined that the force that caused Wells' hematoma was significant, comparable perhaps to a fall from a distance of twice one's height. Wells is now completely physically disabled.

The Supreme Court affirmed the conviction. This motion was filed two years later by Williams and asserted that his trial counsel was ineffective for failing to investigate and call an eyewitness to testify, and for failing to retain an expert to rebut the testimony of the Commonwealth's medical expert. The trial court denied RCr 11.42 relief, without holding an evidentiary hearing. Williams also contends that denial of a hearing requires reversal on appeal.[1]

---

[1] Appellant actually raised six claims of ineffective assistance of counsel in the trial court, all of which were addressed in the trial court's order of November 16, 2021. On his appeal to this Court, however, he has raised only three arguments. Failure to present an argument on those

-3-

## STANDARD OF REVIEW

A denial of an RCr 11.42 motion is reviewed on appeal for an abuse of discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). "To succeed on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). 'First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that the deficient performance prejudiced the defense.'" *Wagner v. Commonwealth*, 483 S.W.3d 381, 383 (Ky. App. 2015) (quoting *Strickland*, 466 U.S. at 687). With this in mind, we review the allegations of Williams.

## ANALYSIS

The first issue pertains to the failure to call a witness at trial. The witness is actually referenced in the Supreme Court's factual summary above, as "a neighbor who was drunk at the time of the alleged assault" and who told the police that he saw Wells fall off the porch. While this neighbor was not called, there was testimony from the investigating officer acknowledging that the neighbor had said he saw her fall.

---

other asserted issues on appeal "constitutes abandonment and/or waiver of [those] argument[s]." *Prescott v. Commonwealth*, 572 S.W.3d 913, 927 (Ky. App. 2019).

Thus, the jury heard about the witness's statement, but because the witness appeared to lack credibility, it appears to have been a reasonable trial strategy to not call the witness. Decisions related to witness selection are generally not subject to second guessing, and trial strategy is given the presumption of correctness. *Hodge v. Commonwealth*, 68 S.W.3d 338, 344 (Ky. 2001) (citation omitted).

Secondly, Williams contends that his counsel was ineffective for not adequately investigating and securing "alibi" witnesses on his behalf. The trial court addressed this assertion, noting that there was no evidence in the record suggesting that there were any alibi witnesses. In response, Williams contends that this "lack of information" in the record actually supported his claim to the right to an evidentiary hearing. However, he then refers only to the aforementioned eyewitness/neighbor for his contention that an alibi might have been presented.

We have addressed that potential witness, and find that there were insufficient other allegations or even suggestions of other "alibi" witnesses below. Any other alleged and unidentified witnesses who might have been called to establish an alibi would have been inconsistent with his own testimony that he was at the residence, as well as inconsistent with the other witnesses' testimony, and the defense presented by his trial counsel. Again, given the presumption of

correctness of trial strategy and the lack of anything more than a vague, general claim about alibi witnesses, we find no error. *Id.* (citation omitted).

Next, Williams contends that his counsel was ineffective for failing to retain an expert to refute the testimony of the Commonwealth's medical expert. Specifically, he argues, counsel should have retained an expert to advance his theory that Wells sustained her injuries from a fall, not from an assault. He does not identify an expert who might have testified to this or what evidence might have been presented. A similar claim was made and rejected in *Haley v. Commonwealth*, 586 S.W.3d 744 (Ky. App. 2019), due to the movant failing to establish the second prong of prejudice required under *Strickland*. We believe that holding is indistinguishable from the case at bench.

In *Haley*, the appellant contended his counsel was ineffective for failing to call an expert on ballistics to counter the Commonwealth's ballistics expert. *Haley*, 586 S.W.3d at 751-52. Our Court addressed those claims, noting that trial counsel had presented the defense and established the weakness of the Commonwealth's ballistics evidence through cross examination and argument. *Id.* at 752.

Similarly, in addressing this claim, the trial court noted that the injuries to Wells were sufficiently proven and that counsel did present the defense that Williams did not cause them, but that they were a result of a fall. He was able

to inform the jury of the 911 call that Wells made, reporting that she had fallen down the stairs. He explained to the jury that the pivotal question in the case was how Wells sustained the injuries, and elicited testimony from the officer that the neighbor said he saw her fall. Counsel cross-examined the emergency room doctor regarding medications that might have caused her to fall and the basis for his opinions that the injuries were not likely caused by a fall. It is clear from the record that this theory of the case was presented to the jury, and while counsel did not retain an expert witness to further advance this theory, this still falls within reasonable trial strategy. Again, there is a strong presumption that counsel's conduct fell "within a wide range of reasonable professional assistance." *Commonwealth v. Bussell*, 226 S.W.3d 96, 103 (Ky. 2007) (citation omitted).

We further conclude that the failure of counsel to retain an expert did not prejudice Williams, the required second prong under *Strickland*. The jury heard from nearly every witness and from counsel repeatedly that there was some evidence to support Williams's theory that Wells merely fell. However, none of this evidence was sufficient to overcome the evidence that Williams inflicted the injuries upon Wells. Based on the foregoing, we cannot conclude that there was "a reasonable probability that . . . the result of the proceeding would have been different" or that "a probability sufficient to undermine confidence in the outcome"

of this case existed.  *See Haley*, 586 S.W.3d at 752 (citing *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014)).

Williams next contends that the trial court erred in not granting him a hearing on these claims.  When a defendant moves the court for relief under RCr 11.42, "[a]n evidentiary hearing is only required if there is a material issue of fact that cannot be conclusively resolved, *i.e.*, conclusively proved or disproved, by an examination of the record."  *Haley*, 586 S.W.3d at 750 (quoting *Fraser v. Commonwealth*, 59 S.W.3d 448, 452 (Ky. 2001)).  *See also Bowling*, 981 S.W.2d at 549 (quoting RCr 11.42(5)).

If the trial court was ultimately correct "in denying an RCr 11.42 motion without a hearing, then it is error to order 'a nugatory hearing to determine trial strategy.'"  *Haley*, 586 S.W.3d at 751 (quoting *Commonwealth v. Searight*, 423 S.W.3d 226, 231 (Ky. 2014)).  Where the record is clear that a claim of ineffective assistance of counsel would ultimately fail the prejudice prong of *Strickland*, "the trial court should be affirmed even in the absence of such a hearing."  *Id.* (citation omitted).

Having determined that Williams failed to prove deficient performance or that he suffered prejudice due to counsel's performance, we find no error in the trial court's denial of a hearing.  "The *Strickland* test requires the movant to carry the burden of meeting both prongs in order to succeed with an

ineffective assistance of counsel argument[,]" and he has not met that burden.

*Searight*, 423 S.W.3d at 231 (citation omitted).

Accordingly, the Christian Circuit Court is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Joseph Williams, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky