RENDERED:  SEPTEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1147-MR

BILLY A. POE                                                    APPELLANT

v.
APPEAL FROM LYON CIRCUIT COURT
HONORABLE JAMES R. REDD, III, JUDGE
ACTION NO. 18-CR-00010

COMMONWEALTH OF KENTUCKY                                        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND CETRULO, JUDGES.

CALDWELL, JUDGE:  Billy A. Poe (Poe) appeals the trial court's denial of his motion seeking a new trial pursuant to RCr 11.42.[1]  Having reviewed the record, the briefs of the parties, and the law, we affirm.

## FACTS

In 2018, Poe was indicted by the Lyon County Grand Jury for

---

[1] Kentucky Rules of Criminal Procedure.

prohibited use of an electronic communication system to procure a minor for sex and for being a first-degree persistent felony offender (PFO).[2]  He entered a guilty plea to the charges and was sentenced to five years' imprisonment, enhanced to ten years by virtue of the PFO charge.

Three years after the entry of the guilty plea, Poe filed a *pro se* motion seeking relief from his sentence pursuant to RCr 11.42 and CR[3] 60.02.  The trial court determined that each of the claims he forwarded was refuted by the record. The trial court determined an evidentiary hearing was not required and denied relief.  Poe appeals from the trial court's decision.

**STANDARD OF REVIEW**

The denial of an RCr 11.42 motion in a matter involving a guilty plea is first reviewed factually, primarily to ascertain voluntariness.  The trial court's determination as to voluntariness is reviewed for clear error.  *Rigdon v. Commonwealth*, 144 S.W.3d 283, 288 (Ky. App. 2004).  A determination is not clearly erroneous if it is supported by substantial evidence.  *Baltimore v. Commonwealth*, 119 S.W.3d 532, 539 (Ky. App. 2003).  On appeal, the trial

---

[2] The Indictment incorrectly listed the wrong statute number for the offense charged.  Rather than the correct statute, Kentucky Revised Statutes (KRS) 510.155, the statute number in the body of the Indictment listed KRS 510.090, third-degree sodomy.  Poe raises this as one of the grounds for relief.

[3] Kentucky Rules of Civil Procedure.  Despite invoking CR 60.02, Poe raises no issues implicating such rule.

court's decision whether to grant or deny the motion for relief is reviewed for an abuse of discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). Abuse of discretion has been defined as occurring when the trial court enters an order or makes a ruling which is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted).

## ANALYSIS

> To succeed on a claim of ineffective assistance of counsel, a movant must satisfy the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687, 104 S. Ct. at 2064.

*Wagner v. Commonwealth*, 483 S.W.3d 381, 383 (Ky. App. 2015). Reviewing courts must presume that the assistance offered by counsel "falls within the wide range of reasonable professional assistance[.]" *Strickland*, *supra*, at 689, 104 S. Ct. at 2065. With this in mind, we review Poe's allegations.

When the prosecution ends in a guilty plea, the movant seeking later relief must show prejudice which establishes, had the ineffective assistance not been rendered, the matter would not have ended in a guilty plea but would have instead ended in a trial.

-3-

The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

Here the trial court conducted a plea colloquy when Poe entered his plea.[4] At that time, Poe indicated that he was pleading guilty knowingly, intelligently, and voluntarily. He told the judge that he was satisfied with counsel's advice and had no complaints about her services. He stated he had received adequate time to discuss the offer and the consequences of entering a guilty plea with counsel. The court recalled these circumstances in the order denying relief, citing the fact that Poe did not complain about counsel's performance or advice, and therefore held that an evidentiary hearing was unnecessary as Poe's allegations could be refuted by the existing record. We do not disagree with this holding.

Poe further complains that his attorney was ineffective because the trial court erred in placing the statute number for sodomy in the third-degree on the

---

[4] At the same time, Poe entered guilty pleas to charges out of Caldwell County, No. 19-CR-00061. The sentence in the Caldwell County case was to be served concurrently with the sentence in this matter.

-4-

plea form. He fails to acknowledge that the trial court corrected the error and at all times it was clear on the record that he was entering a plea to the charge indicted and not a sodomy charge. This argument is without merit.

Next, Poe complains that counsel did not utilize an affidavit executed by his compatriot taking blame for the communications. Poe fails to recognize, had he gone to trial, he would have had every opportunity to present the affidavit as well as the testimony of his compatriot. But, by entering a guilty plea, there was no opportunity to employ the affidavit. He complains that counsel "lied" to him by explaining that the affiant's credibility would be attacked at a trial, which might lead to a longer sentence than that outlined in the guilty plea offer.

Poe's allegation is without merit; counsel properly advised him that simply because another is willing to take the blame for the activity with which he was charged does not mean that he would be vindicated and found innocent. Attorneys have a duty to advise their clients of likely eventualities. *See Stiger v. Commonwealth*, 381 S.W.3d 230, 237-238 (Ky. 2012) (holding that advice concerning likelihood of a longer sentence is not ineffectiveness); *Hill*, 474 U.S. at 59, 106 S. Ct. at 371 ("[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial.").

Poe was asked when he entered his plea if he was doing so of his own choice and whether he was satisfied with counsel's performance and he answered affirmatively. Sworn declarations by a defendant in open court that his guilty plea is made voluntarily "carry a strong presumption of verity." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 569 (Ky. 2006).

We also note that Poe received a ten-year sentence covering multiple indictments and, given his PFO I status, he received the minimum available sentence. Such vitiates against the entry of the plea not being voluntary and clearly establishes he was not prejudiced by the entry of the plea. *See Russell v. Commonwealth*, 992 S.W.2d 871 (Ky. App. 1999).

Poe additionally alleges that he was not allowed by counsel to participate in his own defense and that counsel failed to provide adequate investigation into his case prior to his plea. These arguments are summarily presented and of no merit, as is also his argument that cumulative error compels reversal of the trial court. "Conclusory allegations that counsel was ineffective without a statement of the facts upon which those allegations are based do not meet the rule's specificity standard and so 'warrant a summary dismissal of the motion.'" *Roach v. Commonwealth*, 384 S.W.3d 131, 140 (Ky. 2012).

## CONCLUSION

For all of the foregoing reasons, the trial court's order denying relief on the RCr 11.42 motion is affirmed.


ALL CONCUR.


BRIEF FOR APPELLANT:

Billy A. Poe, *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky